THE STATE OF NEBRASKA, EX REL. JOHN H. ROE, v. THE COMMISSIONERS OF KEARNEY COUNTY AND THE COMMISSIONERS OF BUFFALO COUNTY.

1. Bridges on county lines. On application for a mandamus to compel the county commissioners of Buffalo and Kearney counties to repair the bridge across the Platte river between said counties south of Kearney city, *Held,* That the bridge being constructed by Buffalo county alone, Kearney county could not be compelled to aid in keeping it in repair.

2. ———: DISCRETION OF COUNTY COMMISSIONERS. Where there are not sufficient funds in the county treasury to repair all the bridges in a county, the court will not control the discretion of county commissioners as to what bridges they shall repair, unless there is a clear abuse of the trust.

ORIGINAL application for mandamus.

*Sam L. Savidge*, for the relator, cited Laws 1879, 126-142. Comp. Stat., 442. *Jensen v. Supervisors of Polk County*, 47 Wis., 298.

*T. M. Marquett* and *Joel Hull*, for respondent.

The matter is discretionary with Kearney county. Laws 1879, 142. Comp. Stat., sec's 89-126, p. 450. High on Injunctions, 418. *State v. Freeholders of Essex*, 3 Zab., 214. *Hall v. County Commissioners*, 4 Gray, 414. *The Mayor v. Roberts*, 34 Ind., 379. Laws 1881, 329. *People v. Supervisors*, 47 Ill., 256.

MAXWELL, CH. J.

An alternative writ of mandamus was granted in this case, in which it is stated, in substance, that on the first day of January 1876, there was and still is a public highway through the city of Kearney, in Buffalo county, running directly south and across the Platte river into Kearney county, thence through said county to Bloomington, in Franklin county; that a part of said highway consists of a bridge across the Platte river at a point where the same divides said counties; and that said bridge is necessary for the convenience of the public; that from constant use it has become racked and worn, and unless the proper repairs are made thereon, the relator, with other citizens of said counties, will sustain great injury, etc.; that the county commissioners of said counties have been repeatedly requested to repair said bridge, but have refused to do so; that there are no funds available in the road districts of Kearney county; but that there is now in the county road fund of said county from the levies of the years previous to 1880 the sum of $227.28, and that $1,980.48 was levied in said county in the year 1880 for road purposes; that the road fund in Buffalo county derived from levies prior to 1880 is the sum of $266.64,

and the levy for road purposes for 1880 is the sum of $4,626.93, and that $1,500.00 will repair said bridge.

The commissioners of Buffalo county have failed to answer. The commissioners of Kearney county in their answer allege, in substance, that the bridge in question was built exclusively by Buffalo county, and exclusively for its benefit and interest, and for the purpose of securing the trade and travel south and southwest of Buffalo county; that said bridge was not erected on a public road, but after its erection, in the year 1875, a special act of the legislature was passed, authorizing the location of a state road from Kearney to Bloomington; and that said road was so located at the expense of Buffalo county; that all the funds now levied in Kearney county, or in the treasury, are required to repair other bridges in said county.

A number of defenses are plead in the answer which it is unnecessary to notice. The case was referred to a referee to take testimony, and a large amount of testimony has been taken, from which it appears that all the funds under the control of the commissioners of Kearney county are required for other bridges.

Sec. 87 of the "act to amend Chap. 47 of the Revised Statutes of 1866," Laws of 1879, page 142 [Comp. Stat., 450] provides that: "Bridges over streams which divide counties, and bridges over streams on roads on county lines, shall be built and repaired at the equal expense of such counties; *Provided*, That for the building and maintaining of bridges, over streams near county lines, in which both are equally interested, the expense of building and maintaining any such bridges shall be borne equally by both counties."

Sec. 88 is as follows: "For the purpose of building or keeping in repair such bridge or bridges, it shall be lawful for the county boards of such adjoining counties to enter into joint contracts; and such contracts may be

enforced in law or equity, against them jointly, the same
as if entered into by individuals, and they may be pro-
ceeded against jointly, by any parties interested in such
bridge or bridges, for any neglect of duty in reference to
such bridge or bridges, or for any damages growing out
of such neglect."

In 1881, section 88 was amended, limiting its applica-
tion to bridges which have been built, or may hereafter
be built by co-operation of two counties separated by a
stream. Its provisions, therefore, do not apply to the
bridge in question.

The county commissioners, within the limits fixed by
the statute, have a discretion as to the expenditure of the
road and bridge fund, and this discretion will not be con-
trolled by the court, unless there is a clear abuse of the
trust, which the testimony in this case fails to establish.
A peremptory writ as to Kearney county is therefore de-
nied, but as to Buffalo county, a peremptory writ for
the amount of $1,500.00 is awarded as prayed.

JUDGMENT ACCORDINGLY.