## COUNTY OF CASS v. COUNTY OF SARPY.*

FILED NOVEMBER 19, 1902.   No. 12,183.

Commissioner's opinion, Department No. 3.

1. **Ambiguous Statute:** CONSTRUCTION: INTERPRETATION: HARMONY WITH CONSTITUTION: PREFERENCE. It is a rule of construction without exception, that when one of two or more interpretations of an ambiguous statute will bring it into harmony with the constitution, and the other or others will cause it to conflict therewith, the former and not the latter will be preferred.

2. **Bridge:** STREAM DIVIDING COUNTIES: CONTRIBUTION: VIOLATION OF LAW. A county is excused from contributing toward the expense of repairing a bridge over a stream dividing it from an adjoining county, by the fact that the county making the repairs did so in violation of the law regulating the manner of making such repairs upon bridges for the maintenance of which it is solely responsible.

3. ———: ———: ———: ———: CHAPTER 78 ENTITLED "ROADS." The provisions of chapter 78, entitled "Roads," of the Compiled Statutes, relating to the building of bridges over streams dividing counties, are not in violation of the constitution.

ERROR from the district court for Sarpy county. Disallowance of claim by county board; appeal to district court. Tried below before BAKER, J. Rehearing of case reported in 63 Nebr., 813. *Former decision reversed and judgment below affirmed.*

*Jesse L. Root,* for plaintiff in error.

*William R. Patrick, Carl C. Wright* and *John F. Stout,* contra.

*John M. Stewart* and *Milo D. King, amici curiæ.*

AMES, C.

This case is before us on a rehearing granted from a former decision published in 63 Nebr., 813. Counsel for

* Rehearing allowed. See opinion, p. 476, *post.*

both parties have expressed their concurrence in that opinion, and further reference to it would be unnecessary but for the fact that counsel for Kearney county, intervening as *amici curiæ,* still insist that the proviso added to section 88 of the statute* by the amendment of 1899, is applicable to such bridges only as have been built pursuant to a joint contract between the counties interested. As pointed out in a former opinion, and as is contended also by counsel, to adopt such a construction would be to bring the proviso into conflict with section 89, or to regard it as an attempted amendment thereof, and as being, therefore, unconstitutional and void. So to do would be to commit an offense of which, so far as we know, no court has ever been guilty. It is a rule without exception that when one of two or more interpretations of an ambiguous statute will bring it into harmony with the constitution, and the other or others will cause it to conflict therewith, the former and not the latter will be preferred. At the time of the former hearing the only questions discussed were those then decided, but counsel for defendant in error were of opinion that a consideration of other provisions of the statute than those then construed would be productive of a different result, and a rehearing was granted for the purpose of enabling the parties to present their views with respect thereto. Sections 83, 84, 85 of the statute, as construed by this court, limit the power of counties to erect or repair bridges or approaches thereto, in instances in which the cost thereof shall exceed $100, by requiring contracts therefor to be let to competitive bidders after the adoption of the plans and specifications of the proposed works, and after notice of such letting by newspaper advertisement in a specified manner. The first mentioned of these sections contains a proviso that for the building of all bridges in any county that may be required to be constructed in any one year, the county commissioners may let a single contract in the manner to which allusion has been made. The case has in this regard taken a curious

* Compiled Statutes, ch. 78, Cobbey, Annotated Statutes, sec. 6086.

turn. It was announced on the former argument by coun-
sel, *amici curiæ,* and, as we understood, with the consent
of other counsel, that however faulty, on account of omis-
sion, the petition should be found to be, it should be treated
by the court as sufficiently charging that the repairs, to
recover on account of which the action was brought, were
made pursuant to specific contract by the plaintiff county.
Upon the later argument it was asserted that this con-
cession was made without the consent or knowledge of
counsel for the defendant county, who repudiated it. We
do not suppose that there was any intentional attempt to
mislead the court, but feel bound under the circumstances
to correct what we are now convinced was a mistaken in-
ference of our own. On the present hearing it was con-
ceded that although the pleading may, in this respect, be
sufficient in any view of the case, yet as a matter of fact a
specific contract for the repairs in controversy had not
been made, and counsel desired to be advised whether a
yearly contract for repairs, made in the manner prescribed
in the proviso, would be valid; the fact being also admitted
that the repairs in question were made pursuant to such
yearly contract.

A majority of the commissioners of this department are
of the opinion that this concession is fatal to the right of
recovery in this action. In other words, that the plaintiff,
in order to succeed, must allege and prove that the work
was done pursuant to a specific contract therefor, entered
into in such form and manner as would have been requisite
to its validity if the bridge had lain wholly within Cass
county, and its maintenance had been a charge upon its
funds exclusively. In this view of the matter, the safe-
guards afforded by the above-mentioned statute are in-
tended as a protection against the improvident expendi-
ture of the public funds, and are available as well by a
county that may be called upon to partly reimburse such
expenditure as by the taxpayers of the county in which
the outlay is originally made. In other words, there being
no common-law liability, that the county seeking contribu-

tion can succeed only by alleging and proving a lawful expenditure for the object in view, and that there can be no such lawful expenditure except pursuant to a contract entered into at a time and in the manner prescribed by the statute relative to the making of repairs in which the plaintiff county is solely concerned. To the writer, this argument is far from conclusive or satisfactory. The making of the repairs was not an unlawful work, but a lawful work done in an irregular and unlawful manner. The plainest dictates of justice forbid the authorities and taxpayers of Cass county, after having permitted and encouraged this work to be done, and after having accepted and enjoyed the fruits of it, to deny the bridge builders a reasonable compensation therefor. But by the same circumstances which rendered Cass county liable, Sarpy county became equally bound to make just contribution.

We are not shaken in our former opinion as to the validity and construction of the statute, but in the foregoing majority view of the matter and because of the admission that the petition can not, in that view, be effectually cured by amendment, it is recommended that this court recede from its former decision, and that the judgment of the district court be affirmed.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that this court recede from its former decision, and that the judgment of the district court be

AFFIRMED.

The following opinion on rehearing was filed November 5, 1903. *Judgment below reversed:*

Commissioner's opinion, Department No. 1.

**Public Work:** LABOR AND MATERIALS: GOOD FAITH: ABSENCE OF STATUTORY CONTRACT: REASONABLE VALUE: RECOVERY. One who furnishes labor and materials for the creation of a public work, in good faith, but in the absence of a contract such as is re-

quired by the statute, is entitled to recover their reasonable value, in the absence of a statute expressly or by necessary implication denying such right.

AMES, C.

This case has been twice previously before this court. The first decision (63 Nebr., 813) reversed the judgment of the district court and remanded the cause for further proceedings, and the second decision (*ante*, p. 473) affirmed the judgment of that court. This diversity of results grew out of differences of opinion among the judges and commissioners respecting the inquiry whether the county of Sarpy is relieved of obligation to contribute towards defraying the expenses of the repairs, to recover which the action is brought, by the fact that Cass county neglected to procure the work to be done by letting contracts therefor to competitive bidders, after advertisement, in the manner required by sections 83-85, of chapter 78 of the Compiled Statutes (Annotated Statutes, secs. 6080-6082), entitled "Roads." In consequence of the doubts thus arising, the case is now before us after argument upon a second rehearing.

So far as the writer is advised, there has never been any contrariety of views among the members of the court concerning any other matter litigated or decided on the two former occasions, and an additional recital of the facts and matters out of which the controversy arose is unnecessary. Since the latter of the two previous decisions, this department and the judges have had occasion, in the case of *Clark v. Lancaster County*, to make a thorough and exhaustive review of the principles and authorities touching the question whether one who furnishes labor and materials for the creation of a public work, in good faith, but in the absence of a contract such as is required by statute, is entitled to recover their reasonable value; and by a decision filed on the 17th day of September, 1903, the conclusion is reached that, in the absence of a statute expressly or by necessary implication denying such right, he

is so entitled.    This decision is necessarily conclusive of the controversy now before us.   It is not disputed that the repairs on account of which a recovery is sought, were a lawful public work which Cass county was authorized to have made, and the sole objection which the defendant makes upon this branch of the inquiry is that they were not made in a lawful manner.   But in the light of the last above mentioned decision, it must now be conceded that they were made in such manner that the plaintiff was obligated to pay their reasonable value, and in any event, it is only upon the basis of reasonable value that the latter county is entitled to demand contribution.

We think there is no merit in the contention that a different rule should be applied in such a case as this, than in one in which the public work lies wholly within the county causing it to be made.   The sole inquiry in this regard, as we construe the statute, is whether the county constructing the work has done so in such a manner as to be legally obligated to pay for it.   If it has done so, then its treasury, citizens and taxpayers are entitled to be reimbursed according to the measure prescribed by the statute.

It is recommended that the judgment of this court of November 19, 1902, be vacated and set aside, and that that of February 6, 1902, be reentered and reaffirmed.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of this court of November 19, 1902, be vacated and set aside, and that the judgment of the district court be

REVERSED.