LOUIS ISKE ET AL. V. STATE OF NEBRASKA, EX REL. HERMAN E. PANKONIN, ET AL.

FILED JUNE 30, 1904. No. 13,584.

1. **Counties: BRIDGE REPAIRS.** Where there is a bridge over a stream which divides two counties and is a charge upon each, it is the duty of the county board of either county, when notified in writing by the other to join in a contract for the repairs of the bridge, to either comply with the notice by joining in the contract or unequivocally refuse to do so.

2. **Mandamus.** This duty may be enforced by mandamus.

ERROR to the district court for Sarpy county: GEORGE A. DAY, JUDGE. *Affirmed.*

*W. R. Patrick,* for plaintiff in error.

*Byron Clark, contra.*

OLDHAM, C.

This action is brought to this court on error to review the judgment of the district court for Sarpy county, allowing a mandamus against the board of county commissioners of Sarpy county, commanding them to take action either affirmatively or otherwise upon the notice given by the county board of Cass county, that the wagon bridge across the Platte river, which divides the counties of Sarpy and Cass, is in need of immediate repair and that said board is requested to join the said board of Cass county in repairing the same.

The petition alleges, in substance, that the boundary line between the counties of Cass and Sarpy is the Platte river; that a bridge had been built across said river in said counties, and that said bridge is part of the public highway therein; that a part of said bridge had been recently washed away by high water and thereby rendered impassable; that it is in need of repair; alleges notice of these facts, and a refusal to act on such notice by the county board of Sarpy county. The return to the alternative writ admits that the Platte river forms the boundary line between the counties and was at one time *spanned by a structure called a bridge,* which has since been washed away; it alleges that there is a *suit* pending in the supreme court between the respective counties over the liability of Sarpy county for repairs of this same bridge, which is undetermined, and further that there are no funds on hand to be used for the purpose of making the repairs.

The trial court held the return insufficient and granted the writ. In this we think the trial court was clearly right. There is no merit in the contention that an action was pending in the supreme court for the reason that the question therein involved was the validity and construc-

tion of sections 87, 88 and 89 of chapter 78, Compiled Statutes (Annotated Statutes, 6085-6087), these being the sections which relate to bridges over streams which divide counties, and there had been already two opinions holding the statute valid and that each county may be compelled to contribute its share of the expense of necessary repairs made upon the bridge. *Cass County v. Sarpy County,* 63 Neb. 813, 66 Neb. 473. This last decision, while affirming the validity of the statute and recognizing the liability of each county to contribute, held, in effect, that there could not be a recovery by one county against the other on the contract made unless the contract was "entered into in such form and manner as would have been requisite to its validity if the bridge had lain wholly within Cass county, and its maintenance had been a charge upon its funds exclusively." In *Cass County v. Sarpy County,* 66 Neb. 476, this second opinion was set aside and the first decision reaffirmed. But during the extended and varied course of that lawsuit, the principle that each county was liable was distinctly pronounced, and was never shadowed by a doubt.

Section 88, chapter 78, Compiled Statutes (Annotated Statutes, 6086), provides, in substance, that if either county shall refuse to join with the other county to contract for the repair of any such bridge, the other county may make the contract and make the repairs and recover by suit from the county refusing its proportionate share of the expense. The foundation of this liability is an opportunity to join in making the repairs and a refusal of such opportunity. *Saline County v. Gage County,* 66 Neb. 839. The opportunity was offered the county board of Sarpy county and it cannot be permitted to escape liability, nor prevent the other county making repairs by non-action. If for any reason it should not want to join the other county, it was its duty to refuse to do so, and this refusal should have been unequivocally made. The fact that it may or may not have funds on hand to be used in making the repairs is no ground for non-action. Nor do we think it

just grounds for refusal. There is no provision of the statute making it such. On the other hand, the statute is express in its terms that if either county refuse to enter into contracts to repair, the other county may, and recover the proportionate share of the costs of making such repairs from the county so refusing.

We therefore recommend that the judgment of the district court be affirmed.

AMES and LETTON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.