BUFFALO COUNTY, APPELLEE, V. JOEL HULL, APPELLANT.

FILED APRIL 17, 1913.  No. 17,148.

Counties: BRIDGES: LIABILITY OF ADJOINING COUNTIES FOR REPAIRS.
The liability of adjoining counties for repairs of a bridge over a
stream between them is fixed by statute, and it is within the
power of the legislature to alter or amend the statute in that
regard.  The conditions and extent of the liability depend upon
the statute in force when such repairs are made and the liability
incurred.

APPEAL from the district court for Kearney county:
HARRY S. DUNGAN, JUDGE.  *Affirmed.*

*Joel Hull* and *Brown, Baxter & Van Dusen,* for appellant.

*E. B. McDermott, contra.*

SEDGWICK, J.

The bridge in question was built in 1874.   In 1881, in
an action between these two counties pending in this court
upon appeal, this court decided: "That the bridge being
constructed by Buffalo county alone, Kearney county
could not be compelled to aid in keeping it in repair."
*State v. Kearney County,* 12 Neb. 6.   The court in the
opinion recited the statute of 1879, which appears to con-
template that the adjoining counties should be equally
liable for repairs, whether the bridge was built by them
jointly or not, which statute was in force at the time the
bridge was built, and then refers to the amendment of
1881, "limiting its application to bridges which have been
built, or may hereafter be built by co-operation of two
counties separated by a stream."   It was held that this
amendment, although enacted after the bridge was built,
was  applicable.   Afterwards  the  statute  was  again
amended, and, as construed by this court, makes the
adjoining counties equally liable for repairs, whether the

bridge was built by them jointly or not. *Cass County v. Sarpy County,* 63 Neb. 813, 66 Neb. 476, 72 Neb. 93; *Iske v. State,* 72 Neb. 278; *Saline County v. Gage County,* 66 Neb. 844; *Dodge County v. Saunders County,* 77 Neb. 787. Under these decisions and the decision in *State v. Kearney County, supra,* these counties were made jointly liable for the repairs of this bridge by this last amendment of the statute. In 1894 Buffalo county made repairs to the bridge, and, complying with the last stated amendment to the statute, demanded that Kearney county contribute one-half of the expenses, which that county refused to do. A judgment was obtained in the district court for Kearney county, and upon appeal to this court was affirmed, and it was held that Kearney county was liable to Buffalo county for one-half of the repairs made by Buffalo county. *Buffalo County v. Kearney County,* 83 Neb. 550. Afterwards the commissioners of Kearney county levied a tax for the payment of the judgment, and after the money became available for that purpose this plaintiff county "filed a claim or request with the board of supervisors of said Kearney county for the issuance of the warrant upon said judgment." This defendant, Joel Hull, appears to have been interested from the first in preventing the collection from Kearney county of any part of the expenses of repairing this bridge, and appears from the pleading and evidence in this case to still contend that Kearney county is not liable therefor. The petition in this case alleges that "said claim is still pending before the said board of supervisors of said Kearney county for its action thereon in ordering a warrant drawn upon said judgment fund in payment thereof; * * * that said Joel Hull, argos-eyed and alert, is awaiting the action of said board thereon and threatens to appeal from said action." The plaintiff then asks for a temporary injunction "restraining the said Joel Hull, his agents, employees, attorneys and confederates from attempting to perfect an appeal from the action of said board in ordering said warrant

drawn as aforesaid." Upon trial in the district court the injunction was granted as prayed, and the defendant has appealed to this court.

We have concluded to waive the question whether any injunction was necessary to prevent the defendant from taking an appeal, or whether the county board should order the warrant drawn without regard to any action that might be taken by the defendant, and determine the matter upon the contentions of the defendant in the brief. It seems to be contended that the first decision of this court in *State v. Kearney County*, 12 Neb. 6, became *res adjudicata* of the whole matter, and that therefore the petition in the subsequent action, in which judgment was rendered in favor of Buffalo county, and affirmed in *Buffalo County v. Kearney County*, 83 Neb. 550, stated no cause of action, and that it follows that the judgment of the district court in favor of Buffalo county and of this court in affirming that judgment are void, and the defendant, as a taxpayer of Kearney county, should prevent the payment by that county for any such repairs. His zeal is commendable, but his reasoning is unsound. If the legislature could not amend the statute so as to change the liability for repairs incurred subsequent to such change, then the act of 1879, which was in force when the bridge was built, would control, and under that act, as said in the case relied upon by defendant, the liability for repairs would be the same as it has since been held to be under the present statute. The liability of adjoining counties for repairs of a bridge over a stream between them is fixed by statute, and it is within the power of the legislature to alter or amend the statute in that regard. The conditions and extent of the liability depend upon the statute in force when such repairs are made and the liability incurred. A consideration of the foregoing facts and the present condition of the statute, as construed by the later decisions of this court above cited, is, we think, sufficient reason for concluding that the contention of the defendant is unsound.

The judgment of the district court is therefore

AFFIRMED.

REESE, C. J., BARNES and LETTON, JJ., concur.

ROSE, FAWCETT and HAMER, JJ., not sitting.