BUFFALO COUNTY, APPELLEE, v. KEARNEY COUNTY; JOEL HULL, APPELLANT.

FILED FEBRUARY 27, 1914.   No. 17,274.

1. **Counties: BRIDGE REPAIRS: LIABILITY: LAW GOVERNING.** The liability of counties, which are separated by a stream, for repairs of a bridge over such stream, when there is no contract between the counties, is fixed by the statute existing at the time the repairs are made. *State v. Kearney County*, 12 Neb. 6.

2. ———: ———: ———: ———. In such case the fact that the bridge was built before the statute which fixes the liability of the counties was enacted is immaterial, as it is within the power of the legislature to change the statute governing the liability of the counties for repairs thereafter made.

APPEAL from the district court for Kearney county: HARRY S. DUNGAN, JUDGE. *Affirmed.*

*Joel Hull, M. D. King, J. L. McPheely* and *Brown, Baxter & VanDusen,* for appellant.

*E. B. McDermott* and *H. M. Sinclair, contra.*

SEDGWICK, J.

The county of Buffalo filed a claim with the county board of supervisors of the county of Kearney for one-half of the costs of repairs upon a bridge over the Platte river, which separates the two counties. The claim was allowed by the county board, and Joel Hull, as a citizen and taxpayer of Kearney county, appealed to the district court for that county. Upon trial to the court without a jury, the court found in favor of the plaintiff, Buffalo county, and entered a judgment accordingly, and the said Joel Hull has appealed from that judgment to this court.

The bridge is the same as was involved in *State v. Kearney County,* 12 Neb. 6; *Buffalo County v. Kearney County,* 83 Neb. 550; *Buffalo County v. Hull,* 93 Neb. 586. In the case at bar the repairs were made in 1907 and 1908. So far as we can see, the question which it is now sought to present to this court was determined in each of the two cases last above cited. The appellant, however, continues to insist that, since the bridge was built in 1874, and was built wholly by Buffalo county, when there was no statute fixing the liability of counties separated by a stream for the construction or repairing of bridges over such stream, and because the bridge is used, as he says, more by the people of Buffalo county than by the people of Kearney county, and there have been changes in the settlement of both counties, and various people have pur-

chased and improved property in Kearney county, relying
upon the obligation of Buffalo county to maintain this
bridge, that for all these and similar reasons some sort of
contract has arisen, not very clearly defined in the briefs,
by reason of which the legislature of the state has no
power to regulate by subsequent legislation the liability
of the respective counties in the maintenance of the bridge.
In the case last cited the law was stated in the syllabus:
"The liability of adjoining counties for repairs of a bridge
over a stream between them is fixed by statute, and it is
within the power of the legislature to alter or amend the
statute in that regard. The conditions and extent of the
liability depend upon the statute in force when such re-
pairs are made and the liability incurred." This state-
ment of law is not discussed in the briefs. The appellant
appears to ignore it as not applicable. We are still un-
able to see why it is not applicable, and why it does not
dispose of the matters presented by the appellant in the
brief. A county is a political subdivision of the state,
created by the legislature; it is wholly the creature of the
legislature, and its powers and rights and liabilities are
fixed by the statute, and are subject to change by the legis-
lature from time to time. The statute in force when these
repairs were made provides that a bridge over a stream
which separates two counties, and which was built by one
of the counties, must be repaired jointly by the two coun-
ties, and no reason is suggested in the brief why this is not
valid legislation.      *Buffalo County v. Hull, supra,* and
cases there cited. No such statute existed when the re-
pairs were made which are considered in *State v. Kearney
County,* 12 Neb. 6, and the court there decided that Kear-
ney county was not liable for such repairs. The court,
however, in that early case, relating to this same bridge,
adopted the principle that the liability of the respective
counties depended upon the statutes existing at the time
the repairs were made. Laws 1879, p. 142, amendatory
of ch. 47, Rev. St. 1866, which fixed the liabilities of ad-
joining counties under such circumstances, was quoted
in the opinion, and the court said: "In 1881, section 88

was amended, limiting its application to bridges which have been built, or may hereafter be built by co-operation of two counties separated by a stream. Its provisions, therefore, do not apply to the bridge in question." The statute does not create a contract between the citizens of respective counties and the rights of respective counties in no sense depend upon a contract, but depend upon the law of the state existing at the time the repairs were made. The matter rests with the legislature, and if the present law is unjust or unfair in any respect, as the appellant insists, the remedy is with the legislature. All of the matters discussed in the brief, so far as we can see, depend upon this question.

The district court appears to have followed our former decisions, and its judgment is

AFFIRMED.