BUFFALO COUNTY, APPELLANT, V. PHELPS COUNTY, APPELLEE.

FILED JUNE 7, 1935. NO. 29307.

*Thomas F. Hamer, E. G. Reed* and *Guy N. Henninger,* for appellant.

*Frank A. Anderson, A. W. Storms* and *Dora Nelson,* contra.

Heard before ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

DAY, J.

Buffalo county brought this action to recover from Phelps county one-fourth the cost of the construction of a "state aid bridge" built across the Platte river by the state department of public works and Buffalo county. The river forms the boundary line between the two counties. The bridge was built and one-half of the cost was paid by the state department of public works and one-half by Buffalo county. Buffalo county then filed a claim with Phelps county which was disallowed. From the disallowance of the claim, an appeal was taken to the district court. The district court rendered a judgment against the plaintiff, from which it appeals.

The plaintiff alleges in its petition that the bridge was constructed under the provisions of sections 39-1501 to 39-1509, Comp. St. 1929, and rests its right of recovery thereon. An interpretation of this statute is therefore determinative of the issue presented here. The trial in the district court was upon a stipulation of facts. In April, 1928, the board of commissioners of Buffalo county instructed its bridge committee to confer with a similar committee of Phelps county. Upon May 8, 1928, a group of residents of Phelps county presented a petition to their county board that it cooperate in the construction of a bridge. Members of the county board of Buffalo county and others spoke in favor of the petition before the Phelps county board. Again, on June 5, 1928, a delegation of citizens from both Phelps and Buffalo counties urged the county board of Phelps county to cooperate with the county board of Buffalo county in building a bridge. At this time, the county board of Phelps county made a record that it was "not in favor of building a bridge across the Platte river at the above described place at this time." September 4, 1928, the Buffalo county board sent to Phelps county board a copy of its resolution instructing its highway commissioner "to make an estimate of the cost of a bridge

across the Platte river south of Odessa, of either wood or steel construction to be ready for consideration at the next meeting of the board." October 16, 1928, the board of Buffalo county passed a resolution asking state aid and pledged to pay *its legal share* of the cost. This resolution was filed with the state department of public works which took no action. About one year later, September 24, 1929, the board of Buffalo county again filed a resolution pledging the county to pay *one-half the cost of construction* of the bridge with the state department of public works and asked for state aid. The bridge was constructed by Buffalo county and the state department of public works each paying one-half the cost. The bridge was accepted February 18, 1931, by Buffalo county and the state department of public works. Thereafter, on the 14th day of July, 1931, Buffalo county filed a claim with Phelps county for one-fourth of the cost of the bridge, which was disallowed by the Phelps county board on August 4, 1931.

Buffalo county relies for its right to recover upon that part of section 39-1502, Comp. St. 1929, which is as follows: "Provided, that bridges over streams, which divide counties, either county may make application to the department of public works, and if the application is approved by the department of public works, it shall be lawful for such county and department of public works to build or purchase the same and to recover, by suit, one-fourth of the cost of such bridge from the county failing or refusing to join in such application." It is the contention of Buffalo county that article 15, ch. 39, of which the above section is a portion, is a complete and independent act. Assuming that it is, for the purpose of this case, without deciding, is notice necessary for one county to recover from another its share of the cost of a state aid bridge? Phelps county contends that some notice of the intention to build such a bridge is necessary. We are of the opinion that, in order for one county to compel another county to contribute to the cost of a state aid bridge over a boundary-line stream between the counties, the statute requires that

notice be given to the other county. We are impressed by and adopt the reasoning of the trial judge in the following language: In "section 39-1502, the provisions refer to recovery by suit 'from the county failing or refusing to join.' It seems to me that the necessary inference from these words can only be that prior notice is contemplated. Otherwise there could be no refusal. To 'fail' means to leave unperformed; to omit; to neglect. Bouvier's Law Dictionary; *Widemann Co. v. Digges*, 21 Cal. App. 342. To fail in the performance of some duty, which failure shall impose a penalty or liability, necessarily implies a prior act or condition by which the one failing shall have become aware of the duty. In other words, notice in some reasonable form is necessary. Inaction, thereafter, would be failure, refusal would be a positive act. Both imply a previous notice. It is difficult to conceive that the legislature would be so particular to require, and the court in many instances to enforce, a requirement as to the necessity for notice to fix the responsibility for participation in the expense of repair of an existing bridge and dispense with notice when the contemplated act is the construction of an entirely new bridge." To decline is one of the ordinary definitions of "fail." Webster's New International Dictionary.

Paraphrasing the language of *Saline County v. Gage County,* 66 Neb. 839, in discussing a somewhat similar statute, the foundation of liability in such a case as this is an opportunity to join in formulating the plans, letting the contract for the construction, and determining the location of the bridge. Various sections of this article give the counties the right to participate in all these incidents to the construction of a bridge. It is unthinkable that the legislature intended to permit one county and the state department of public works to construct a bridge and charge one-fourth of the cost to another county, without that county having an opportunity to participate in the construction as provided by statute. We therefore conclude that the foundation for recovery by the state and a county

for one-fourth of the cost of construction of a bridge over a boundary-line stream from another county is such notice as will afford an opportunity to participate in the location; the adoption of the plans; the letting of the contract; and the construction of the bridge. Comp. St. 1929, sec. 39-1502.

The preliminary steps to the building of this bridge and all the communications in which either county board was concerned have been related. On May 8, 1928, residents of Phelps county filed a petition asking their county board to cooperate in the building of a bridge. This was not notice by Buffalo county to Phelps county of an intention to secure a state aid bridge. Neither was the sending of a copy of its resolution of September 4, 1928, instructing its highway commissioner to make an estimate of the cost of a bridge across the Platte. The application to the department of public works which was acted upon was not filed for more than a year later, September 24, 1929. Even if Phelps county had had notice of this second application, it would not have warned them that they would be expected to pay one-fourth of the cost of this bridge. The application pledged Buffalo county to pay one-half, and the state under the provisions for state aid bridges was to pay the other one-half. There are other sections of the statute relating to the construction of bridges over streams that form the boundary line between counties other than those under the provisions of the act for state aid. Section 39-827, Comp. St. 1929, provides for the notice to be given in case of the repair of a bridge. However, assuming that this section is an independent and complete act, which is not decided, we are of the opinion from the stipulated facts in this case that no sufficient notice was given by Buffalo county of its intention to construct a bridge under the state aid act with a contribution from Phelps county of one-fourth of the cost. In such a case, the notice must be sufficient to apprise the county board that it will be expected to contribute to the cost of the construction of the bridge. The county board should have the opportunity to .

either comply with the request or unequivocally refuse to do so. *Iske v. State,* 72 Neb. 278.

There are other questions presented by this record, the failure to make the state department of public works a party, and the constitutionality of section 39-1502, Comp. St. 1929, both of which questions are unnecessary to discuss or determine for a decision of this case in view of our conclusions heretofore expressed. The judgment of the district court is

AFFIRMED.