GILBERT H. WOOD v. THE VT. CENTRAL RAILROAD CO.

*Book Account.   Contract.*

Where the plaintiff contracted to build "rip rap" wall for the defendants, at fifty cents per cubic yard; there being no general usage or uniform custom proved, which should control the mode of measurement, it was held the term used, implies pay by the cubic yard, for the "rip rap," after the stone is fitted, and laid into wall.

BOOK ACCOUNT. Judgment to account was rendered in the county court, and auditors appointed, who reported in reference to the item in dispute, substantially the following facts:—

The plaintiff, after having had some conversation with the president of the Railroad, and with the chief engineer, in relation to doing work upon section 3, of defendants road, submitted to the President a written proposition, of which the following is a copy:—

"CHARLES PAINE, ESQ.,
   "SIR:
      "Having a conversation with Mr. Moore, I have concluded
"to do the work on the 3d section, as follows:
   "Earth, per cubic yard,   13 cents.
   "Rock,    "      "     "   $1.00
   "Rip rap,—cubic yard,     50
                  "Respectfully yours,
                       (Signed)   "G. H. WOOD."

The defendants accepted the proposition, and the plaintiff proceeded to the work on the section.

In regard to the "rip rap" wall, the parties were at issue as to the manner of measurement. The plaintiff claimed that it should be measured after it was laid into wall. On the other hand, defendants claimed that it should be measured "in excavation," while in the solid. There was no special contract as to the manner of measurement. It appeared that rock, after broken into fragments, will measure from 20 to 40 per cent. more than in solid; and on this section, that the rock when deposited or laid into "rip rap," would measure about 33⅓ per cent. more than in the solid. The auditors did not find from the testimony, any uniform practice or general usage as to the measurement of "rip rap" wall. And reported the amount, if measured "in excavation," to be 7,689 cubic yards. Measured in the bank or wall, 10,252 cubic yards.

The county court, March term, 1852,— POLAND, J., presiding, rendered judgment for the plaintiff for the largest amount. Exceptions by defendants.

*Peck & Colby* for defendants.

1. The plaintiff cannot sustain his claim to a fictitious estimate of the " rip rap," when the exact quantity is ascertained by measurement.

2. By the terms of the contract,·it would seem that the measure was to be in the solid,— the " rip rap " to be fifty cents per *cubic* yard.

3. It is a question of fact, and should be found by the auditors. *Eaton* v. *Smith,* 20 Pick. 150.

*J. A. Vail* for plaintiff.

It is claimed, that· plaintiff· should not be allowed for the amount of " rip rap " wall in the bank or wall, but only for what the material would amount to in cubic yards in the solid. To which we say,— 1. That the contract does not provide for any such manner of computing the amount of plaintiff's work. 2. That there is no usage or custom, general or local, proved in this case, which can avail the defendants in the position taken by them. 3. The auditors find nothing in the testimony, aside from the written contract and the subject matter of the contract, that could aid them in determining the proper measurement of the " rip rap," which leaves the matter where the contract leaves it, &c.

By THE COURT. The only question in the present case, is in regard to the proper mode of estimating that portion of the plaintiff's claim which is for " rip rap." It is very possible the parties might have entertained different ideas in regard to that point, at the time of entering into the contract. We can only determine the matter, from the terms of the written contract, with such knowledge and experience, as we have, in regard to the subject matter, which is necessarily imperfect.

The terms used are exceedingly indefinite. They could scarcely be more so. But the term " rock " and " earth " naturally apply to *excavation.* And from the known practice of estimating such work, by the size of the pit or excavation, there could be little

doubt the parties so used them. But the term "rip rap," as we gather from the report and the argument, and our own very limited knowledge upon the subject, only applies to the stone when laid into a kind of *shingling*, upon the slope of the dirt embankment, at such points as it is likely to be washed by water. In other words, "rip rap" is a kind of wall.

This being so, it seems to us that the word cubic yard, as applied to this subject matter, would more naturally have the same signification as other measures of *solidity*, when applied to wall. The term *perch* is very common, as applied to erections in masonry, whether more or less free from interstices, and it is a solid measure as much as a cubic yard, or any other term of solidity. But we suppose it is a measure to be applied to the structure, without regard to the interstices. If this were not so, it would become necessary to have some general ratio of deduction, on that account, or else to obtain the specific measure of each stone, which could only be done, with perfect accuracy, by immersing each particular stone in some fluid, and then measure the elevation of the fluid by a guage. The truth is, if the interstices are to be deducted, it could only be done in practice, by some average ratio of deduction.

If the term *embankment* had occurred in the contract, instead of "dirt," it would certainly entitle the party to have his dirt measured in the embankment, instead of the excavation, although measuring twice as much. For the stipulation would then be for each cubic yard of embankment. But "dirt" being indefinite, we are at liberty to resort to the usual custom.

But here the term used, seems to imply pay by the cubic yard, for the "rip rap," i. e. after the stone is fitted, and laid into wall. And the auditors seem to have found it impossible to find any general usage, or uniform custom, which should control the mode of measurement. It seems to us, therefore, that the county court put the true, or at most, the more obvious construction upon the contract, and the judgment is affirmed.