BINGHAM v. THE BOARD OF COMM'RS OF MARION CO.

<div style="float:right">
55 113
128 299
</div>

COUNTY COMMISSIONERS.—*Powers of.*—*Statute Construed.*—*Bridges.*—*Donation to County by Individuals.*—Under section 3d of "An act to provide for the erection and repair of bridges," etc., approved March 3d, 1855, the board of commissioners of a county have the right to receive, and to collect by suit, a subscription of money, in writing, made by an individual, as a donation to such county, to assist in the erection of a bridge over a stream in such county.

SAME.—*Appeal.*—The decision of the board of commissioners of a county, as to whether public convenience demands the erection of a bridge over a stream in such county, is final, and can not be appealed from.

SAME.—*Pleading.*—*Building Bridge on Private Property.*—To an action by the board of commissioners of a county to recover the amount of a subscription of money, made by an individual to such county, as a donation to assist in the erection of a bridge over a stream in such county, it is not sufficient to answer that such board had no power to erect such bridge, because the same was erected upon, and became a part of, the road-bed of a private corporation, and for the use of which, since its erection, such corporation charged and collected toll, and that such bridge connected no highways controlled by such county or any township or road district therein.

SAME.—*Rescission.*—In such action, to an answer averring that such subscription was made without consideration and that, before the erection of such bridge, or the taking of any steps therefor, the defendant had notified the plaintiff that he had rescinded and withdrawn such subscription, a reply was sufficient, which averred that the plaintiff, upon the faith of the defendant's subscription, had incurred great expense in preparing and advertising for proposals for letting, and had let, the contract for the erection of such bridge, which, since such notice of rescission and prior to the bringing of the action, had been erected.

From the Marion Superior Court.

*H. W. Harrington*, for appellant.

*N. B. Taylor*, *F. Rand* and *E. Taylor*, for appellee.

HOWK, J.—In this action, the appellee was plaintiff, and the appellant was defendant, in the court below.

·To appellee's original complaint, appellant's demurrer, for the want of sufficient facts therein to constitute a cause of action, was sustained by the court below, in special term. Thereupon, the appellee filed what is

termed the second paragraph of its complaint; but it is really the only complaint properly in the record, and it will be so treated and termed in the consideration of this cause.

In this complaint, the appellee alleged, in substance, that on the 1st day of March, 1874, the public convenience, necessity and travel of Marion county, Indiana, required the building of a bridge across Pleasant Run, where the same crosses the contested Pleasant View and Bethel Gravel Road, south-east of the city of Indianapolis, in said Marion county; that the estimated cost of said bridge, its approaches and abutments, amounted to the sum of five thousand eight hundred dollars, that being the estimated value made by the Marion county engineer; that the appellee was not disposed to appropriate any part of said sum, unless the persons in the neighborhood of said proposed bridge, and those interested in having said bridge built, would subscribe a sum sufficient to build the approaches and abutments to said bridge, and appellee was willing to appropriate enough to build the balance; and thereupon several persons, including the appellant, being in the neighborhood, or interested in having such bridge built, made, executed and delivered to the appellee, under the name and style of "The Commissioners of Marion County, Ind.," the following written agreement to wit:

"INDIANAPOLIS, IND., March 11th, 1874.

"We, the undersigned, hereby subscribe and bind ourselves to pay to The Commissioners of Marion County, Ind., without any relief whatever from valuation or appraisement laws, the amounts set opposite to our names, for the purpose of building and making the necessary abutments and approaches for an iron bridge over Pleasant Run, where the same crosses the contested Pleasant View and Bethel Gravel Road, south-east of the city, when the necessary amount is subscribed. We agree to execute our notes for the amount subscribed, payable 30

days after the contract is let for building the same, if notes are demanded."

(Signed, among others, by)

"J. J. BINGHAM, $200.00."

The appellee averred, that the estimates were duly made, by the county engineer, of the cost of making the approaches and abutments to said bridge, and said estimates amounted to the sum of two thousand four hundred and seventy-five dollars, and that it will, and actually has, cost that sum of money to build said approaches and abutments to said bridge; that the amount actually subscribed by the parties signing said contract was two thousand four hundred and seventy-five dollars, which was amply sufficient to build said approaches and abutments to said bridge; that on the faith of said subscription, the appellee, on the 17th day of June, 1874, let said contract for the building of the approaches and abutments of said bridge, at and for the price and sum of two thousand four hundred and seventy-five dollars, which was the fair and reasonable value thereof, and at the same time and place the appellee let the contract for the iron work and completing of said bridge, at the sum of four thousand dollars, and said approaches and abutments to said bridge were actually completed before the 8th day of August, 1874, and the bridge partially completed under said contract; and that more than thirty days had elapsed, from the letting of said contract for the building of said approaches and abutments to said bridge and of said bridge, before the institution of this suit, and appellant had due notice thereof, and that no note of any kind had been demanded of appellant for his said subscription; that appellant had failed and refused to pay said subscription, and the same was then due and wholly unpaid. And appellant demanded judgment for five hundred dollars, and all proper relief.

To this complaint, appellant demurred for the want of sufficient facts therein to constitute a cause of action;

which demurrer was overruled by the court below, in special term, and appellant excepted.

The appellant then answered, and said that he signed the said petition and subscription, without any consideration whatever, and as a voluntary aid, only, for the future erection of the stone work, piers, abutments and foundation for a contemplated bridge across Pleasant Run, on the line of the Pleasant View and Bethel Gravel Road, and upon no other or different consideration or purpose whatever; that, before any expenses were incurred, or materials furnished, or liabilities of any kind were incurred, or acts done for, towards or in connection with said work or materials or said objects contemplated in and by said petition and subscription, sued on, by the appellee or any one holding authority so to do,—the appellant rescinded his said subscription and withdrew his said petition, and notified the appellee that he rescinded and withdrew the same, and that he would not be held liable on the said subscription, nor pay the same or any part thereof, and then and there forbade the appellee from incurring any liabilities or being to any expense, on account of said subscription. Wherefore appellant said, the said subscription was void.

To this answer, appellee demurred, upon the ground that it did not state facts sufficient to constitute a defence to the action; which demurrer was overruled, and appellee excepted.

Appellee then replied to appellant's answer, and said, in substance, that, on the 5th day of May, 1874, the subscription paper, set out in the complaint, had been signed by all the parties and persons, whose names are subscribed thereto, with the several amounts thereto attached as their subscriptions, and was, on said 5th day of May, 1874, presented to appellee, and appellee then and there accepted said subscription for the purpose in said subscription expressed, and on the same day ordered the approaches, abutments and bridge to be built, and then

and there ordered plans and specifications for said bridge, abutments and approaches to be prepared, and then and there ordered advertising to be made for bids for doing the work and furnishing the material to build said approaches, abutments and bridge; said bids were received, sealed, up to the 17th day of June, 1874, when said bids or proposals were to be opened and the contracts awarded; that appellee had incurred expenses, which were necessary and proper, in and about procuring the plans, specifications and advertising, previous to the 17th of June, 1874, in at least the sum of five hundred dollars; that on said 17th day of June, 1874, the contract for building said approaches, abutments and bridge was let, and on the same day the bids were opened and the contracts were awarded for the same; and, after they were awarded, to wit, on the 19th of June, 1874, appellant gave appellee notice, in writing, that he would not pay his said subscription, and attempted to withdraw the same, and the appellee refused to let him do so.

And the appellant demurred to this reply, for the alleged insufficiency of the facts therein to constitute a reply to his answer; which demurrer was overruled by the court below, and to this decision appellant excepted.

Appellant then filed a second paragraph of his answer, in which he alleged, in substance, that the contested Pleasant View and Bethel Gravel Road Company was, before and at the time of executing the subscription sued on by appellant and all parties thereto, and ever since has been, a corporation, created under and by virtue of the laws of Indiana, to construct and maintain a gravel road from ——, to ——, in said county, and to receive and take toll from those using and travelling said road, and, at the time of said subscription and of constructing the bridge, etc., herein named, said corporation had constructed said road and was taking toll thereon from the public, and that the said bridge, abutments and approaches, in the complaint referred to, be and were

erected upon the line of the said gravel road company's road, over a stream called Pleasant Run, and was and then was a part of said corporation's road track and bed and line of road, and said corporation's property, and that the same was to be and was built for the benefit of said gravel road company's road, and for said corporation, and as a part thereof, and was not built over any stream, nor to connect any road or roads that were kept up, worked or controlled by the public, nor by the county, nor by any township or any road district of said county, and that ever since the erection of said bridge, the said gravel road corporation had taken toll for travel over the same, as part of its said road, and said that the appellee had no power by law to let the contract for, nor to build, or to aid in building, said bridge or any part thereof. Wherefore, the appellee ought not to recover.

Appellee demurred to this paragraph of appellant's answer, for the want of sufficient facts therein to constitute a defence to the action; which demurrer was sustained by the court below, in special term, and to this decision appellant excepted.

And the action, being at issue, was tried by the court below, in special term, without a jury; which trial resulted in a finding and judgment by the court, in special term, for the amount of appellant's alleged subscription. From this judgment, there was an appeal to the court below, in general term; and, upon the errors there assigned, the judgment of the court in special term was affirmed; and from this latter judgment an appeal has been taken to this court.

In this court, the appellant has now assigned several alleged errors; only one of which, under the practice of this court, is available to the appellant, for any purpose.

This one available error is, that the court below, in general term, erred in affirming the judgment of the court in special term.

This alleged error brings before us, for review, the de-

cision of the court below, in general term, upon the alleged errors there assigned. These alleged errors were as follows:

"1st. The court erred in overruling appellant's demurrer to the appellee's complaint;

"2d. The court erred in sustaining appellee's demurrer to the second paragraph of appellant's answer; and,

"3d. The court erred in overruling the appellant's demurrer to the appellee's reply to the first paragraph of appellant's answer."

These several alleged errors we will consider, and decide the questions thereby presented, in their enumerated order.

*First.* The cause of action, stated in appellee's complaint, is appellant's written obligation to pay to the appellee a certain sum of money, as a donation, for the purpose of building and making the necessary abutments and approaches for a certain bridge, over a certain stream, at a certain point, within Marion county, Indiana. Whenever, in the opinion of the county commissioners of any county, the public convenience shall require that a bridge should be repaired or built over any water-course in such county, then, by the provisions of a statute of this State, entitled "An act to provide for the erection and repair of bridges," etc., approved March 3d, 1855, the county commissioners of such county are authorized to cause such bridge to be built or repaired. 1 R. S. 1876, p. 239. By the 3d section of said act, it was and is provided, that the county commissioners " shall receive and appropriate all donations for the erection and repair of bridges." Under this section, in our opinion, the appellee had full power and lawful authority to accept and receive the appellant's subscription, set out in the complaint in this action, and to appropriate the same to the erection of the bridge mentioned in said subscription. Therefore, we hold that appellant's subscription, stated in appellee's complaint, was and is a legal, valid and binding contract, and that the

facts stated in said complaint were and are amply suffi-cient to constitute a cause of action. Appellant's demur-rer to the complaint was correctly overruled.

*Second.* It is urged that appellee's demurrer to the second paragraph of appellant's answer ought not to have been sustained. The alleged facts, stated in this paragraph of the answer, were, briefly, these: that the gravel road men-tioned in the subscription, at the intersection of which road with Pleasant Run the proposed bridge over said stream was to be and was erected, was the property of a private corporation, which was authorized by law to take, and, at the time of said subscription and of the building of said bridge, was taking, toll from the public, for the use of and travel over said gravel road; that the bridge, abutments and approaches, mentioned in appellee's com-plaint, were built upon the line, and were a part of the track and bed, of the gravel road belonging to said cor-poration, and were to be and were built for the benefit of said gravel road and of said corporation, and were not built to connect any road or roads that were kept up, worked or controlled by the public, by the county, by any township, or by any road district; and that, ever since the erection of said bridge, said gravel road corpo-ration had taken toll for travel over said bridge, as part of its road, and said that appellee had no power by law to let the contract for, nor to build or aid in building, said bridge or any part thereof.

Conceding all the matters alleged in this paragraph of answer to be true, as stated, they do not, in our opin-ion, impair or render invalid the appellant's contract. The law in relation to bridges, before cited, imposes no limits on the discretion of the county commissioners in the erection of bridges. Whenever and wherever, in the opin-ion of the county commissioners, the public convenience shall require the erection of bridges, the county commis-sioners are authorized by law to cause such bridges to be built. When the county commissioners determine that

the public convenience requires the building of a bridge at any point, that determination is final and conclusive, for no mode nor tribunal is provided by law, in or by which such determination may be reviewed. The law in relation to gravel road corporations provides no means by which they may be compelled to erect bridges on the line of their roads. And it may well be, that, on the line of such a road, public convenience may require the erection of a bridge, which the road corporation fails or neglects to build In such a case, we know of no law which would prevent the county commissioners from erecting the required bridge, on the line of such a road. If the road corporation should illegally exact toll for the use of the bridge so erected, redress for such a grievance could be obtained in the proper mode. But the fact of such exaction of toll, if it was the fact in this case, certainly constituted no defence for the appellant to appellee's cause of action. In our opinion, no error was committed in sustaining appellee's demurrer to the second paragraph of appellant's answer.

*Third.* The overruling of the appellant's demurrer to appellee's reply to the first paragraph of appellant's answer was assigned as error, in the court below, in general term, and is now properly before us, for our consideration. The gist of the first paragraph of appellant's answer was, that his subscription, which he was sued on, was purely voluntary and without any consideration, and that, before the appellee had incurred any liability or expenses, by reason or on the faith of his subscription, the appellant had rescinded and withdrawn his said subscription, and had notified the appellee of such rescission and withdrawal. To this answer, appellee replied, not by any general denial, but by a special denial, in which the appellee alleged, that, before the rescission or attempted withdrawal by appellant of his subscription, the appellee had, on the faith of said subscription, incurred large expenses and liabilities, setting them out in detail; and that there was not, in

fact, any withdrawal, by appellant, of his said subscription. We think these matters constituted a good reply to the defence stated in the first paragraph of appellant's answer, and that appellant's demurrer to the reply was properly overruled.

In our opinion, the court below, in general term, did not err in affirming the judgment of that court in special term, for the errors there assigned.

The judgment is affirmed, at the costs of the appellant.

Petition for a rehearing overruled.