Board of Comm'rs of Rush Co. *v.* Rushville and Vienna Gravel Road Co.

## No. 10,410.

## Board of Commissioners of Rush County *v.* Rushville and Vienna Gravel Road Company.

CONTRACT.— *County Commissioners.* — *Ultra Vires.* — *Turnpike Companies.* — *Bridges.*—A contract between a board of county commissioners and a turnpike company, whereby the latter releases to the county all right to a bridge theretofore owned by the company, and the county undertakes to keep the bridge in repair for the use of the public, and in consideration of this the turnpike company agrees that when the county shall be required to rebuild the bridge the company will make the necessary fills and approaches, is valid.   *Driftwood, etc., T. P. Co.* v. *Board, etc.,* 72 Ind. 226, distinguished.

SAME.—A turnpike company may bind itself in a contract with a board of county commissioners to contribute to the cost of the construction of a public bridge on the line of the company's road.

BRIDGE.—*Approaches.*—The approaches to a bridge, within reasonable limits, are a part of the bridge.

From the Rush Circuit Court.

*W. A. Cullen* and *B. L. Smith,* for appellant.

*G. H. Puntenney, A. B. Irvin* and *J. S. Scobey,* for appellee.

WOODS, C. J.—The appellant sued the appellee in a complaint of two paragraphs, each based upon the following written proposition, which, it is alleged, was accepted and acted upon by the appellant, to wit:

"To the Board of County Commissioners of Rush County, Indiana—Gentlemen: Whereas the Rushville and Vienna Gravel Road Company have already spent a large sum of money in the repair of the bridge over Flat Rock, on the line of its road, and will soon be compelled to expend other large sums of money in the repair of said bridge or in the construction of a new one on the site of said bridge, and thereby be compelled to toll said bridge to reimburse it for the money so expended; and the county of Rush desires that said bridge should be open to the public free of toll: It is agreed that in consideration that said bridge and all repairs and claims therefor made thereon by said gravel

road company be given and relinquished to said county, the county will hereafter keep the bridge in repair and good condition for the use of the public; and said gravel road company hereby releases to the county all right or title to said bridge, the county agreeing to assume the control and custody of said bridge from and after this date. It is further agreed that when said county shall be required to rebuild said bridge, said gravel road company hereby agrees to make the necessary fills and approaches at its expense: *Provided,* That nothing in the above is to be construed to mean any abandonment of any part of the road-bed of said company.

[Signed]        "J. H. MAUZY, President.

        "JAMES D. PATTISON.

        "ELI BUELL.

"Dec. 11, 1880."        "T. N. SHIRK."

The second paragraph charges that on the 11th day of December, 1880, the public convenience required the building of a bridge across the Flat Rock one-fourth of a mile east of Rushville; that theretofore, for many years, the defendant had owned and operated its gravel road from Rushville east to the town of Vienna, in Rush county, over a bridge at the same place where the new bridge was afterward built, and had charged toll for the use thereof; that from long use this bridge had become unsafe; that the estimated cost of the new bridge, with approaches and abutments, was six thousand dollars; that the appellant's board was not disposed to appropriate any part of said sum, unless the defendant, who had worn out the old bridge and was more interested than any other in having a new bridge built, would assist, and promise and pay a sum sufficient to make the fills and approaches to the bridge; that the board was willing to appropriate enough to build the balance of the structure; that thereupon defendant, by its officers and directors, adopted and entered upon its records the proposition aforesaid, and caused it to be presented to the appellant's board then in regular session, which board accepted and caused the same to be entered of record;

and on the faith thereof contracted for the erection of said new bridge at a cost of five thousand dollars, and by the 1st of July, 1881, had the same completed, and notified the defendant of the fact, and requested it to make the fills and approaches; that the defendant failed and refused to comply with this request, and the plaintiff was compelled to and did do the work, at an expense of nine hundred dollars, which, upon demand made, the defendant refused to repay.

The court sustained a demurrer to this complaint for want of facts, and the question is whether or not the decision was right. Counsel for the appellee insist that the appellant exceeded its powers in making the contract, and consequently that neither party was bound. The decision in the case of *The Driftwood V. Turnpike Co.* v. *Board, etc.*, 72 Ind. 226, it is claimed, is conclusive on the point. We do not think so. The contract, which in that case was pronounced invalid, purported to bind the county perpetually to maintain and keep in repair, in the line of the turnpike company's road, the approach to a bridge; and as the terms of the contract were inconsistent with the powers conferred and duties imposed by statute on the county board, in respect to bridges and highways, it was decided that the contract was void. But in the writing now before us we find no restriction of the powers of the board, nor imposition upon it of any duty or obligation inconsistent with the provisions of law. The Gravel Road Company in terms "releases to the county all right or title to the bridge, and the county undertakes to keep it in repair" for the use of the public. So that, as we construe the agreement, it imposed no obligation upon the county in respect to this bridge different from the duties imposed by law in respect to bridges generally; and, consequently, in case of a failure to repair or keep up the structure, the defendant can have no action for a breach of the contract. The manifest design of the parties was that the appellee should be relieved from responsibility, and that the county thereafter should have charge of this as of other public bridges. The

status of the bridge having thus been determined, it was competent for the county to construct a new instead of the old one; and the defendant, being interested because the bridge constituted the connecting link between the two parts of its road, had power to bind itself, as it did, to pay the cost of constructing the approaches. County boards are expressly empowered to receive and appropriate all donations for the erection and repair of bridges. 1 R. S. 1876, p. 239, sec. 3; R. S. 1881, sec. 2887; *Bingham* v. *Board, etc.,* 55 Ind. 113.

The approaches to a bridge, within reasonable limits—perhaps three hundred feet—constitute a part of the bridge. *Driftwood, etc., T. P. Co.* v. *Board, etc., supra.* And whether the promise of the defendant be considered as a donation authorized and made binding by the statute, or as resting upon a consideration, it ought, in good conscience, to be upheld and enforced. The first paragraph of the complaint does not show that the bridge was in any way connected with the defendant's road; and, without such showing, we are not prepared to say that the defendant could bind itself to share or contribute to the cost of construction.

Judgment reversed, with instructions to overrule the demurrer to the second paragraph of complaint.