DODGE COUNTY, APPELLEE, V. SAUNDERS COUNTY, APPELLANT.*

FILED DECEMBER 21, 1906.  No. 14,729.

1. Counties: BRIDGE REPAIRS. A county which refuses to enter into a contract with an adjoining county to repair a bridge across a stream dividing the counties is liable to the county making the repairs under contract for "such proportion of the cost of making said repairs as it ought to pay, not exceeding one-half of the full amount so expended," when the county making the repairs has followed the procedure pointed out by the statute as to notice, etc.

2. ———: ———: NOTICE. Where the only notice served under the statute notified the adjoining county that a bridge across a stream dividing the two counties was "unsafe for public travel and that same must be repaired to make it safe for public passage," the county so notified cannot be compelled to contribute toward the cost of new ice breaks not specified in nor contemplated in the notice, and not necessary to make the bridge safe for public travel.

3. ———: ———: ISSUES. Where the proper steps have been taken to render an adjoining county liable for the repair of such a bridge, and where an issue is raised as to the necessity of the repairs or as to the amount paid being more than the actual and reasonable cost thereof, then the amount that the defaulting county ought to pay is a question for the jury, but, if no such issue is tendered, the county in default is liable for one-half of the cost of repairs.

4. ———: ———. The fact that a bridge across the Platte river where it divides the counties of Dodge and Saunders is not one con-

* NOTE.—On motion to modify this opinion, it was ordered that judgment of lower court be affirmed upon appellee filing a remittitur of amount of judgment in excess of $150 and interest.

tinuous structure, but consists of two separate portions separated
by an island, one of which portions is entirely within Dodge
county,· does not, under the circumstances, relieve Saunders
county from the burden of contributing to the repair of the entire
structure.

APPEAL from the district court for Saunders county:
LINCOLN FROST, JUDGE. *Reversed.*

*M. B. Reese, B. E. Hendricks* and *Simpson & Good,* for
appellant.

*J. W. Graham* and *Stinson & Martin, contra.*

LETTON, J.

This action has been here before to review a judgment of
dismissal rendered upon a demurrer to the petition being
sustained. 70 Neb. 442, 451, 454. The judgment of the
district court was reversed and the cause remanded for
further proceedings, and from a judgment for plaintiff
upon a jury trial the defendant appeals.

·The substance of the petition is set forth in the first
opinion. 70 Neb. 412. The defendant answered, alleging
that the bridge is wholly within the county of Dodge; that
the Platte river does not divide the two counties; that
there is a large island lying within the county of Dodge,
separated from Saunders county by a stream of the width
of 175 feet; that Dodge county maintained a highway
across said island to another bridge of much greater
length, remote from the line dividing the two counties, and
that the defendant is not liable for the cost of maintaining
or repairing said north bridge, it being wholly within the
county of Dodge. The reply was a general denial, with an
admission of the existence of the island, and an allega-
tion that that portion of the Platte river north of the
island is about 2,600 feet wide; that portion south of the
island 220 feet wide, and the island itself, where the bridge
is located, 1,900 feet wide. It appears that the cost of the
repairs upon the short bridge south of the island was $30,

and that the cost of the repairs and ice breaks on the north bridge was $964, of which sum $775 was expended in building ice breaks, which were placed at a distance of about 30 feet up stream from the bridge. These ice breaks, consisting of piling and caps, were new, though there were some old ice breaks in existence in places which were connected with the bridge and extended some 20 feet up stream. After the evidence was taken, the court refused all instructions asked by the defendant and instructed the jury to return a verdict for the plaintiff for one-half of the cost of the work, being the full amount claimed. A motion for a new trial was overruled, judgment rendered, and from this judgment defendant appeals.

1. The first assignment of error is that the court erred in compelling the jury to include in their verdict one-half of the cost of the new ice breaks. On August 11, 1899, the county board of Dodge county passed a resolution reciting that it appeared that the Platte river bridge south of Fremont and the Platte river bridge at North Bend, between Dodge and Saunders counties, are out of repair and should be repaired forthwith, and providing that the county commissioners of Saunders county should be notified that the aforesaid bridges "are unsafe for public travel, and that the same must be repaired forthwith to make the same safe for passage by the public," and requesting that board to fix a time and place to meet, for the purpose of providing all arrangements for making a joint contract for the needful repair of the bridges, and further providing that, if the Saunders county board refused to fix a time or place within 20 days after the service of these resolutions, said board would proceed to advertise for bids, and would hold Saunders county liable for one-half of the cost of said repairs as provided by law. It further appears that service of a copy of these resolutions was made upon the chairman of the board of county commissioners of Saunders county. No heed being paid by the board of Saunders county to this notice, the county clerk of Dodge county advertised for bids for repairs under the

direction of the Dodge county board, and included therein "five ice breaks in north channel at Fremont." After due notice a contract was awarded to one F. H. Wallace, whose bid for the ice breaks was $778. The notice served upon Saunders county contained no indication that any new ice breaks were to be constructed, but only provided for "the needful repair of said bridge to make the same safe for passage by the public." It is apparent from the evidence that substantial ice breaks were proper and necessary to be constructed at a short distance up stream from the north bridge in order to preserve the same from injury or destruction by moving ice. It is contended that these ice breaks are not repairs, and that they are not necessary for the purpose of repairing the bridge and making it safe for public travel. Whether this be so or not, it is very clear that their construction is not within the terms of the notice served upon Saunders county. It may well be that the county board of Saunders county was willing to entrust the expenditure of the amount of money necessary for "the repairing of the bridge and making it safe for passage" to the discretion of the county board of Dodge county, and therefore took no action, but that if it had been notified that the expenditure of nearly $800 was contemplated in the building of new ice breaks, it would have appeared at the time and place mentioned in the notice for the purpose of participating in the discussion as to the propriety and advisability of letting a contract for such purpose. However this may be, we think that the liability of Saunders county to contribute to the cost of building these ice breaks rests upon the question whether the county board of that county was notified that it was the purpose to make such improvements, and that a notice that the bridge is "unsafe for public travel and must be repaired forthwith to make the same safe for passage" is too narrow to impose such a liability upon it.

The defendant contends that under the statute the question of what proportion of the cost of making repairs Saunders county ought to pay should be submitted to a

jury for determination. In *Brown v. Merrick County,* 18 Neb. 355, decided in 1885, it was held that as the statute then stood there was no power in the county board of one county, in the absence of a joint contract, to erect or repair a bridge across a stream which divides counties and compel the other county to contribute. There was an attempt to amend the law made in 1881, but this act was unconstitutional and void, and a later amendment was made in 1899, which constitutes a part of the act now in force, being the proviso to section 88, ch. 78, Comp. St. In *Cass County v. Sarpy County,* 63 Neb. 813, the enactment and force of these statutory provisions are considered and the conclusion arrived at that section 87, when considered alone, imposes, the obligation to build and repair bridges mentioned therein upon both counties equally and without qualification; that section 88 provides the manner of making and entering into joint contracts for the purpose of building or keeping in repair such bridges, regulates the manner of procedure, and enforces the liabilities growing out of a neglect of duty in reference thereto; and that section 89 provides for the method of procedure when a contract or agreement has been made in regard to the bridge, and when the county board of either county neglects or refuses to build or repair. It is further pointed out that "under the act of 1879, as well as under the amendment, two kinds of contracts are authorized—one for the building of bridges, and one for the repair of such structures. To the subject matter of the former of these two classes the proviso makes no reference, but the subject matter of the latter of them is its one sole subject. It makes no regulation with respect to the construction of bridges, nor to the repair of them, in instances in which there is an existing contract for such repair." See, also, *Saline County v. Gage County,* 66 Neb. 839, 844; *Iske v. State,* 72 Neb. 278. If, as we have seen, the purpose of the proviso is to provide for the repair of bridges when no joint contract has been made between the counties, and section 89 provides only for the manner and measure of the recovery when a con-

tract or agreement has been made between the counties, then this case is governed by the proviso, and not by section 89, since no joint contract was entered into between Dodge and Saunders county. Saunders county refused to enter into such contract. Dodge county then entered into a contract for the repairs, and is entitled to recover, as provided by the proviso, "by suit from the county in default, such proportion of the cost of making such repairs as it ought to pay, not exceeding one-half of the full amount so expended." The proviso must be construed in connection with section 87. We think the true intent of the statute is that in case an issue is raised as to the necessity of the repairs, or that the amount paid was more than the actual and reasonable value thereof, then that the county which is being sued is only liable for such proportion of the cost of the repairs as it ought to pay. The intention is that each county shall pay one-half of the reasonable cost of necessary repairs, and no more, and that the county making the repairs cannot recover one-half the amount expended by it, unless such amount is the reasonable cost of necessary repairs.

2. Another assignment of error is based upon the contention that under the law no part of the cost of repairs expended upon the north bridge is payable by Saunders county. It appears that the south boundary of Dodge county is the south bank of the Platte river, and that the island mentioned is entirely within the limits of Dodge county; that it contains from 160 to 180 acres; that it is the subject of private ownership, and taxes are assessed and collected upon it by Dodge county. The bridge across the north branch of the Platte connecting this island with the main land is 2,545 feet long. There are two bridges across the stream south of the island—one 264, and the other 278 feet long. The roads crossing the island from these two bridges to the main bridge are respectively 1,366 and 1,948 feet long, and are maintained and worked by Dodge county. It is strenuously urged by the defendant that since the statute refers to "streams" that divide

counties, and since the south branch of the river is the only "stream" that divides Saunders county from Dodge county, the island and the north bridge being entirely within Dodge county, the former county is only liable to contribute to the repair of the bridge across the south channel, and that it was error to include in the recovery one-half of the cost of the repairs upon the north bridge It seems that this question was attempted to be raised in a motion for a rehearing in this case, but the court held that the question could not arise upon demurrer, and that "conditions may be such that each part of the river, that part lying on the north side and that part lying on the south side of the island, should be considered a stream as that word is used in the statute." 70 Neb. 454. While it was said in the former opinions that by the word "stream" the legislature meant "river," we think that this was said with reference only to the question whether the Platte river divided the two counties. It is argued that it is unreasonable to suppose that the statute would make an adjoining county liable to contribute toward the cost of repairing bridges across every branch or channel of such a river, even though such branch or channel might be situated miles away from the dividing stream, as might well happen in the case of the spreading streams constituting the delta of a river. But this statute was enacted with reference to the conditions in the state of Nebraska, and the legislature had in mind the streams and rivers of Nebraska, and not those of some other state or country. It is reasonable to presume that one of the moving causes of the enactment of this law was the existence of the wide and almost unfordable channel of the Platte river extending for hundreds of miles through the center of this state, and having scattered along its channel many islands, some of but little extent, while others contain within their limits hundreds or perhaps thousands of acres of land. It would seem unreasonable to adopt a construction of the statute which would hold that, if a bridge should be built across the river a few feet from the extremity of an island, both

counties should contribute to its maintenance, while, if the existence. of the island should be taken advantage of for the purpose of reducing the cost of the erection of a bridge or furnishing a better site therefor, one of the counties should be relieved from a large portion of the burden of keeping it in repair. At the locality in question it appears that, if a bridge had been erected at a point either immediately above or below this island, the length of the structure in either case would be greater than that of the combined length of the bridges over both the north and south channels. It is apparent, also, that the inhabitants of both counties share in the benefit derived from the entire length of the passage way across the river; that the use of the bridge across the south channel alone would be of little or no benefit to the citizens of Saunders county were it not connected with the north bank by the other portion of the bridge extending across the north channel. Moreover, it is evident that there is no such necessity for connection with the island by the inhabitants of Dodge county as would warrant the erection of a bridge for that purpose alone. It is possible that, where necessity for communi- cation with an island of extended area would warrant the erection of a bridge for that sole purpose, an adjoining county would not be held to contribute to the cost of repairs on such a bridge, but such a case is not before us. We are of the opinion, therefore, that the cost of repairing the entire length of the bridge or bridges across both the north channel and the south channel should be borne by both counties.

The judgment of the district court is reversed and the cause remanded for further proceedings in accordance with this opinion.

REVERSED.