BROWN COUNTY, APPELLEE, v. KEYA PAHA COUNTY, AP-
PELLANT.

FILED DECEMBER 10, 1910.    No. 16,173.

1. Appeal: TRANSCRIPT: MOTION FOR NEW TRIAL: REVIEW. Where the transcript of the proceedings of the district court does not contain a copy of the motion for a new trial or disclose the contents

of any assignment therein, the inquiry in the supreme court on appeal is limited to the sufficiency of the pleadings to support the judgment.

2. ———: PETITION: SUFFICIENCY ON APPEAL. Where the sufficiency of the petition to support a judgment in favor of plaintiff is raised for the first time in the supreme court on appeal by defendant, it will be liberally construed for the purpose of upholding the proceedings of the trial court.

3. Counties: REPAIR OF BRIDGES: SUIT FOR CONTRIBUTION: SUFFICIENCY OF PETITION. In a suit by a county to recover from an adjoining county half the cost of repairing a bridge over a river dividing the counties, the petition *held* sufficient to require contribution for repairs as distinguished from a new bridge, where it was alleged in describing the damage that "a portion of said bridge had become damaged and in need of repair," and that the "portion of the bridge above referred to was entirely washed away and destroyed."

4. ———: ———: "REPAIR." The word "repair" as applied to bridges in the road laws means to restore to a sound or good state after decay, injury, dilapidation, or partial destruction.

5. ———: ———: SUIT FOR CONTRIBUTION: NOTICE. For the purpose of requiring a county to contribute to the expense incurred by an adjoining county in repairing a bridge over a river between them, a previous notice that it would be necessary to rebuild a portion which had been entirely washed away is sufficient to include an approach or abutment and any grading or riprapping essential to the proper construction thereof.

6. ———: ———: ———: SUFFICIENCY OF PETITION. Within the meaning of that part of the road law defining the duties of county boards in relation to bridges, approaches are parts of the bridge.

APPEAL from the district court for Keya Paha county: JAMES J. HARRINGTON, JUDGE. *Affirmed.*

*W. C. Brown, H. M. Duval* and *Lear & Lear,* for appellant.

*J. S. Davisson* and *William M. Ely, contra.*

ROSE, J.

This litigation was commenced by Brown county, plaintiff, to recover from Keya Paha county, defendant, half the

cost of repairing or rebuilding a portion of the bridge on section 20, township 32, range 20, over the Niobrara river —the boundary between the counties. According to the petition, defendant, after notice had been given, declined to unite with plaintiff in a contract to repair or rebuild that portion of the bridge destroyed and refused to take any part in the work of restoring it. Afterward plaintiff repaired or rebuilt the bridge, paid for the work and materials, and filed with the county clerk of Keya Paha county a claim for half the expense. Two items made up the entire cost—one for $2,293.40, being the contract price of rebuilding, and the other for $745.86, being the contract price of grading and riprapping. Plaintiff's claim for half the sum of these items was rejected by the county board of Keya Paha county. Plaintiff appealed from the disallowance to the district court, where a judgment was rendered against defendant for $1,768.23. The case is presented here on an appeal by defendant from the judgment of the district court.

Though there appears in the transcript a recital that a motion for a new trial was filed and overruled, the record does not contain a copy of the motion or disclose the contents of any assignment of error. The inquiry here is therefore limited to the sufficiency of the petition to sustain the judgment from which the appeal is taken. On this point it is argued the petition shows on its face that the bridge had been washed out, that a new bridge was constructed, and that defendant did not enter into a contract to rebuild it, and is therefore not liable for any part of plaintiff's claim. The contention is that the right to enforce contribution is limited to repairs, in absence of a joint contract to restore the bridge. The basis of this proposition is found in the proviso appearing in the following statute:

"For the purpose of building or keeping in repair such bridge or bridges, it shall be lawful for the county boards of such adjoining counties to enter into joint contracts; and such contracts may be enforced, in law or equity,

against them jointly, the same as if entered into by individuals, and they may be proceeded against jointly by any parties interested in such bridge or bridges, for any neglect of duty in reference to such bridge or bridges, or for any damages growing out of such neglect; provided, that if either of such counties shall refuse to enter into contracts to carry out the provisions of this section, for the repair of any such bridge, it shall be lawful for the other of said counties to enter into such contract for all needful repairs, and recover by suit from the county so in default such proportion of the costs of making such repairs as it ought to pay, not exceeding one-half of the full amount so expended." Comp. St. 1909, ch. 78, sec. 88.

In a different form, the inquiry is: Has plaintiff, on a petition demanding relief under the terms of the foregoing proviso, which, as asserted by defendant, applies alone to repairs, recovered a judgment for half the cost of building a new bridge? The sufficiency of the petition was not attacked below by demurrer or motion, and is challenged for the first time in this court. Under a familiar rule, therefore, it must be liberally construed, for the purpose of upholding the judgment of the trial court. *Sorensen v. Sorensen*, 68 Neb. 483; *Des Moines Bridge & Iron Works v. Marxen & Rokahr*, 87 Neb. 684. The first and second paragraphs of the petition described the parties and the location of the bridge, and state that it was owned jointly by plaintiff and defendant. The third and fourth paragraphs state:

"(3) That for some time prior to the year 1905, a portion of said bridge had become damaged and in need of repair, and the plaintiff, through its board of county commissioners, often requested the said defendant, through its board of county commissioners, to join with said plaintiff in a contract to repair the said bridge, but such request was wholly ignored and consent refused by the said defendant.

"(4) That in the spring of the year 1905 that portion of the bridge above referred to was entirely washed away and destroyed by reason of a freshet and floating ice, and

on the 6th day of June, A. D. 1905, at a joint meeting of the boards of county commissioners of Brown and Keya Paha counties, the said board of county commissioners of Keya Paha county was notified by the board of county commissioners of Brown county that it would be necessary to rebuild the said bridge, and was requested to join with this plaintiff in a contract for rebuilding such bridge, but the said defendant county refused to take any part whatever in the rebuilding or repairing of said bridge."

In the petition the first two references to damages to the bridge are: "A portion of said bridge had become damaged and in need of repair," and "that *portion* of the bridge above referred to was entirely washed away and destroyed." Subsequent references in the petition are frequently made to "said bridge," without specifically confining the term to the portion washed away; but those words, when considered for the first time on appeal, will be construed to refer to the preceding term, namely, that "*portion* of the bridge" shown by prior allegations to have been damaged or washed away. According to this construction plaintiff's claim was for repairs. Only a portion of the bridge having been destroyed, the contracts to restore that part of it were for "repairs," within the meaning of the statute. "Repair" has been frequently defined as follows: "The word 'repair' means to restore to a sound or good state after decay, injury, dilapidation, or partial destruction." *Martinez v. Thompson*, 80 Tex. 568; *Farraher v. City of Keokuk*, 111 Ia. 310. In this respect the petition is held sufficient to support the judgment of the trial court.

It is further insisted that in any event the petition is wholly insufficient to support that part of the judgment containing a recovery for half the expense of grading and riprapping. On this point it is asserted: There is nothing in the petition to show defendant was ever notified of a purpose on part of plaintiff to incur such an expense. The repairing or rebuilding did not include grading and riprapping. This contention is founded on the following doctrine, quoted from *Dodge County v. Saunders County*, 77

Neb. 787: "Where the only notice served under the statute notified the adjoining county that a bridge across a stream dividing the two counties was 'unsafe for public travel and that same must be repaired to make it safe for public passage,' the county so notified cannot be compelled to contribute toward the cost of new ice breaks not specified in nor contemplated in the notice, and not necessary to make the bridge safe for public travel."

The statute does not say what the notice shall contain, but the general term, "after reasonable notice," is used. Comp. St. 1909, ch. 78, sec. 89. The applicability of the rule quoted depends upon the petition, which states: "That for some time prior to the year 1905, a portion of said bridge had become damaged and in need of repair, and the plaintiff, through its board of county commissioners, often requested the said defendant, through its board of county commissioners, to join with said plaintiff in a contract to repair the said bridge;" and "that in the spring of the year 1905 that portion of the bridge above referred to was entirely washed away and destroyed by reason of a freshet and floating ice, and on the 6th day of June, A. D. 1905, at a joint meeting of the boards of county commissioners of Brown and Keya Paha counties, the said board of county commissioners of Keya Paha county was notified by the board of county commissioners of Brown county that it would be necessary to rebuild the said bridge." Here is an allegation that defendant was notified that it would be necessary to rebuild the bridge, referring to that portion destroyed. Grading and riprapping may be essential parts of approaches and abutments. Under the common law approaches and abutments were parts of bridges which counties were required to build and repair. *King v. York County,* 7 East (Eng.) 588; *Whitcher v. City of Somerville,* 138 Mass. 454. The road laws of this state do not change the common law in this respect, but, on the contrary, the legislature has adopted it. Comp. St. 1909, ch. 15a, sec. 1. The rule generally announced by the courts of last resort in this country is that an approach, within the meaning of

road laws, is a part of the bridge. *Board of Commissioners of Rush County v. Rushville & V. G. R. Co.*, 87 Ind. 502; *Driftwood Valley Turnpike Co. v. Board of Commissioners of Bartholomew County*, 72 Ind. 226, 237; *Board of Commissioners of Huntington County v. Huffman*, 134. Ind. 1; *Daniels v. Intendant and Wardens of the Town of Athens*, 55 Ga. 609; *Penn Township v. Perry County*, 78 Pa. St. 457; *Freeholders of Sussex County v. Strader*, 3 Harr. (N. J.) 108; *Shaw v. Township of Saline*, 113 Mich. 342; *Tinkham v. Town of Stockbridge*, 64 Vt. 480. The case cited by defendant does not announce a contrary rule and is not in point here. Where the notice states that it will be necessary to rebuild that portion entirely washed away, the construction of a necessary approach or abutment is fairly included. In the construction of bridges over streams, riprap is generally understood to be an irregular foundation or wall of stone likely to be washed by water. *Wood v. Vermont C. R. Co.*, 24 Vt. 608; Century Dictionary. Both grading and riprapping may be absolutely necessary to the construction of an abutment or an approach, and for the purpose of giving statutory notice under the road law may properly be considered parts of the bridge itself. For the reasons suggested, the allegations of the petition as to notice are sufficient, when questioned for the first time on appeal to the supreme court. In *City of Central City v. Marquis*, 75 Neb. 233, it was held that the word "bridge" did not include the approach thereto, but that ruling was made in construing a section of the charter of Central City, and does not control the interpretation of the general road laws or the decision on this point in the present case. The petition is sufficient to support the judgment.

AFFIRMED.