KEYA PAHA COUNTY, APPELLEE, v. BROWN COUNTY, APPELLANT.

FILED FEBRUARY 5, 1916.   No. 18877.

1. Counties: REPAIR OF BRIDGES: SUIT FOR CONTRIBUTION: SUFFICIENCY OF PETITION. In a suit by a county to recover from an adjoining county one-half of the cost of repairing a bridge over a river dividing the two counties, a petition which describes the bridge, and alleges that it has been damaged and is in need of repair, that a portion of the bridge has been entirely washed away and destroyed, is sufficient to resist a general demurrer.

2. ———: ———: ———: NOTICE. "For the purpose of requiring a county to contribute to the expense incurred by an adjoining county in repairing a bridge over a river between them, a previous notice that it would be necessary to rebuild a portion which had been entirely washed away is sufficient to include an approach or abutment and any grading or riprapping essential to the proper construction thereof." *Brown County v. Keya Paha County,* 88 Neb. 117.

3. Evidence examined and found sufficient to sustain the judgment.

APPEAL from the district court for Brown county: R. R. DICKSON, JUDGE. *Affirmed.*

*John M. Cotton, William M. Ely* and *J. S. Davisson,* for appellant.

*Forrest Lear* and *C. E. Lear, contra.*

99 Neb. 20

BARNES, J.

This was an action by which Keya Paha county sought to recover from Brown county one-half of the cost of repairing and rebuilding a bridge over the Niobrara river between the counties above named. The defendant demurred to plaintiff's petition. The demurrer was overruled, and defendant filed an answer in which it was alleged that the bridge in question consisted of two spans, or two separate bridges; that one of the bridges was entirely washed away and destroyed, and that the work of restoring it was new construction, and was in fact the building of a new bridge; that defendant was not liable for one-half of the cost thereof because the notice served on the county commissioners of the defendant county provided for repairing the bridge. It was also alleged that the bridge was on a county line road between Rock county and the defendant county, and therefore there was a misjoinder of parties defendant. The allegations of fact, as stated in the petition, were admitted and the answer concluded with a prayer that the action be abated and dismissed, but, if it was not dismissed, judgment should not be rendered for more than one-fourth of the amount paid by the plaintiff for the repair of the bridge. The allegations of the answer were denied by a reply in which it was alleged that the bridge in question was originally constructed by subscriptions taken in Brown county; that the part of the bridge repaired by plaintiff had been twice destroyed and was repaired by Brown county; that plaintiff had been required to pay one-half of the cost of such repairs; that the bridge was not on the county line between Rock and Brown counties; that Rock county had never been called upon to contribute to the payment of the original construction of the bridge or of any of the repairs above mentioned. On the issues thus joined a trial was had to the court without the intervention of a jury. The evidence consisted of a stipulation of facts and certain exhibits, which were used as the bill of exceptions. The trial court found for the plaintiff and rendered a judgment against the de-

fendant for the amount prayed for in the petition. The defendant has appealed.

The record discloses that the bridge in question is situated some distance west of the county line between Rock and Brown counties; that it crosses the Niobrara river between the plaintiff county and Brown county. It appears that the road leading from the bridge, a distance of about three-fourths of a mile to the top of the hill southeast of the river, strikes the county line between Rock and Brown counties at that point; that there is a branch of the road which leads to Bassett, in Rock county, but the main road leads to Long Pine, in Brown county. The record shows that there is no road on the section line between Rock and Brown counties which extends north into and through Keya Paha county; that the road between Rock and Brown counties is not a regularly laid out or established highway; that the road above described as leading from the bridge to the top of the hill was laid out and established by the defendant county. It also appears that the bridge in question consists of two spans over the two channels of the Niobrara river, which is divided at that point by a small artificial or made island; that the two spans above mentioned have always been used and considered as one bridge, and that one of the spans would be useless without the other; that one of the spans of the bridge was washed away and totally destroyed by the flood waters of the river, and that the other span was damaged and needed repair. The record also shows that the bridge has been twice repaired by Brown county, and that plaintiff has paid one-half of the costs of such repairs. We have not set out all of the stipulations, but only so much thereof as is necessary to a decision of this controversy.

The appellant contends that the trial court erred in overruling its demurrer to plaintiff's petition. An examination of the record convinces us that this contention is not well founded.

It is further contended that the judgment is contrary to law and is not sustained by the evidence. Section 2988,

Rev. St. 1913, provides: "Bridges over streams which divide counties, and bridges over streams on roads on county lines, shall be built and repaired at the equal expense of such counties: *Provided,* for the building and maintaining of bridges over streams near county lines, in which both are equally interested, the expense of building and maintaining any such bridges shall be borne equally by both counties." This section of the statutes was construed in *Dodge County v. Saunders County,* 70 Neb. 442, and *Brown County v. Keya Paha County,* 88 Neb. 117. The opinions in those cases resolve all of the questions presented in the case at bar against the defendant's contentions.

The evidence sustains the findings of the district court, and the judgment is

AFFIRMED.