FARMERS' BANK OF NEBRASKA CITY ET AL. V. ALEXANDER GARROW ET AL.

FILED NOVEMBER 20, 1901.    No. 10,368.

Commissioner's opinion, Department No. 3.

1. **Jury: REQUEST FOR SUBMISSION: ESTOPPEL.** Where a question is submitted to the jury by the court, after ·the request of a party for its submission, such party will not be heard to say that a finding thereon adverse to him is not sustained by sufficient evidence.

2. **Assignment of Error Not Specific.** The assignment in a petition in error that a verdict is contrary to law is not sufficiently specific to entitle it to consideration in this court.

3. **Instruction.** A party will not be heard to complain of an instruction when the matter objected to in such instruction is, in substance, embodied in one tendered by himself.

4. ———. It is. not error to refuse to give an instruction tendered, when the same ground is covered by instructions given by the court on its own motion.

ERROR from the district court for Otoe county. Tried below before RAMSEY, J. *Affirmed.*

*Monroe L. Hayward, Byron Clark, C. A. Rawls* and *W. H. Pitzer,* for plaintiffs in error.

*John V. Morgan* and *John C. Watson, contra.*

Argued orally by *Clark,* for plaintiff in error; by *Morgan* and *Watson, contra.*

ALBERT, C.

Alexander Garrow and Ernest D. Garrow, plaintiffs, filed their petition in the district court against the Farmers' Bank of Nebraska City and the Union Bank of Union, defendants. The essential allegations of the petition, so far as material at this time, are as follows: That on or about the 24th day of June, 1895, the plaintiffs entered into a contract with one Frank P. Tinney, whereby the latter agreed to purchase, for the plaintiffs, a carload of hogs and ship the same to the plaintiffs at Nebraska City, and the plaintiffs agreed to deposit a sufficient sum of money in the said Farmers' Bank and allow Tinney to draw against it in the purchase and payment thereof; that thereupon the plaintiffs deposited $600 with the said Farmers' Bank, upon the express agreement and understanding, between the plaintiffs and said bank, that it was deposited for the sole purpose hereinbefore mentioned; that at the time the money was deposited, as aforesaid, the said Tinney was indebted to the said Union Bank in the sum of about $600; that the defendant banks, who were jointly engaged in business, conspiring together to cheat and defraud the plaintiffs, wrongfully applied the amount deposited on the said indebtedness of Tinney, and refused to allow him to draw against said deposit in the purchase and payment of the said carload of hogs. The defendants filed separate answers. The Farmers' Bank, after a general denial, alleged that, at the time of the deposit, one of the plaintiffs handed the money to its cashier, and directed him to transfer the proceeds to the Union Bank, and place it to Tinney's credit, without any further instructions in

9

the premises; that the bank transferred the same as directed. The Union Bank, after denying most of the allegations of the plaintiff's petition, alleged that the plaintiffs vested Tinney with the full title to the said deposit, and allowed him to obtain credit thereon; that Tinney had been engaged for a long time in buying and shipping stock, and had been in receipt of money from the plaintiffs, and others, which he received and treated as his own, and which he deposited and checked out in his individual name, and was vested at all times with full title to the money and the purchases made therewith; that the plaintiffs were estopped, by their course of dealing, to claim any money which they had deposited in trust with Tinney. The affirmative allegations of the answers were denied in the reply. On the issues thus joined a trial was had to a jury, which resulted in a verdict for the plaintiffs, and from a judgment rendered thereon the defendants prosecute error to this court by separate petition.

Many errors are assigned, but, under the long established rules of this court, only those argued will be noticed. One of the principal grounds urged for a reversal of the judgment of the lower court is that the verdict is not sustained by sufficient evidence. But each question, on which it is claimed the evidence fails, was submitted to the jury by the court, after the defendants had tendered instructions, asking the submission of such questions. It is a settled rule of practice, that where a party asks the submission of a question to the jury, and such question is submitted to the jury, he will not be heard to say that a finding thereon, adverse to him, is not sustained by sufficient evidence. *Martensen v. Arnold,* 78 Ill. App., 336; *Dunlap v. Griffith,* 47 S. W. Rep. [Mo.], 917.

It is also urged specifically that the verdict is contrary to the instructions 3, 6 and 11, but that objection is not included in any assignment in the petition in error, unless it be the assignment that the verdict is contrary to law, which is not sufficiently specific to insure its consideration in this court.

Complaint of the third and fourth paragraphs of the charge to the jury is urged on the grounds hereinafter mentioned. Such instructions are as follows:

"3. You are instructed that the law is, that trust funds may be followed through any number of transmutations or changes and reclaimed by the owner, so long as such funds can be distinguished in the hands of the trustee or his assigns. And in this case, if you find from a preponderance of the evidence, that the money in question, was, by plaintiffs, deposited in defendant bank, the Farmers' Bank of Nebraska City, and thereafter transferred to the Union Bank of Union, by order and under the directions of plaintiffs or either of them, for the sole and only purpose to pay for a carload of hogs to be purchased by said Tinney in the name of and for plaintiffs; and if you further find from the evidence that defendant banks conspired together for the purpose of converting said money and did so convert said money to the defendant, the Union Bank of Union, in payment of Tinney's overdraft at said bank, then your verdict should be for plaintiffs.

"4. You are instructed, gentlemen of the jury, that if you find from a preponderance of the evidence, that plaintiffs entered into a contract with one Frank P. Tinney, on or about June 24, 1895, whereby said Tinney agreed to purchase for said plaintiffs a carload of hogs and ship the same to plaintiffs at Nebraska City, Nebraska, and that plaintiffs agreed with said Tinney to deposit a sufficient sum of money in the Farmers' Bank of Nebraska City and allow said Tinney to draw against said sum for the purchase and payment of said hogs and that the title to said hogs was to be in said plaintiffs and to be shipped in the name of said plaintiffs; and if you further find from the evidence that said plaintiffs, pursuant to and under such agreement, deposited a check drawn on the Nebraska City National Bank for the sum of $600.00, with the defendant, the Farmers' Bank of Nebraska City, Nebraska, for the express purpose of permitting said Tinney to draw against said sum of money in payment of said carload of hogs and

for no other purpose; and if you further find from a preponderance of the evidence that there was an understanding and agreement between the plaintiffs and defendant banks, that said sum of $600.00, should be used and applied for the sole purpose of purchasing and paying for said carload of hogs; and if you further find that defendant banks or its officers entered into a collusion for the purpose of having said money deposited with the defendant, the Union Bank of Union, and procured the same to be deposited with the defendant, the Union Bank of Union, to the personal credit of said Frank P. Tinney, and there applied upon the account and overdraft of said Tinney, without consent of plaintiffs, then your verdict should be for plaintiffs for the sum of $600.00, with interest thereon at seven per cent. per annum, from the 24th day of June A. D., 1895, less any amount the evidence shows to have been paid thereon, which amount you will ascertain by computation and fix in your verdict."

One objection urged against both of these instructions is, that they include a clause to the effect "that the hogs were to be purchased for plaintiffs and in their names." The defendants insist that there is no evidence that such clause was part of the contract between the plaintiffs and Tinney. We are unable to see how the defendants were prejudiced by this clause being included in the instructions. There is certainly evidence to the effect that the hogs were to be purchased for the plaintiffs; whether they were to be purchased in their names is wholly immaterial. If, in presenting the plaintiffs' theory of the case, the court included more than it should have included, it might have afforded the plaintiffs just cause of complaint, had the verdict been the other way, but it certainly could not operate to the prejudice of the defendants. The specific objection to instruction No. 4 is, that there was no evidence to warrant the submission to the jury of the question of collusion between the banks. It is a well established rule that instructions are to be considered as a whole. Taking the fourth instruction as a whole, as regards the part ob-

jected to, in our opinion it does not differ materially from the first and second instructions asked by the defendant, which are as follows:

"1. You are instructed that to entitle plaintiffs to a verdict in their favor it is necessary that you find from the evidence that the defendant banks, each knowing that the money in dispute belonged to plaintiffs and that the plaintiffs were the real owners after they had it credited to Tinney, agreed the one with the other to convert it to the use of the Union Bank of Union; and that the act of the Union Bank in retaining said money was the result of said agreement and if you believe from the evidence that the defendant, Farmers' Bank, by its officers, did not so agree, collude and conspire with the defendant, Union Bank, your verdict should be for the Farmers' Bank, defendant.

"2. Before you find a verdict for the plaintiff you must believe from the evidence that each of the defendants took part in the conversion or that one of them converted it as a result of an agreement to which each defendant was a party and that said funds were trust funds and actually belonged to plaintiffs."

Defendants, having asked the submission of the question of collusion to the jury, can not now complain that the court adopted their theory and submitted it. *American Fire Ins. Co. v. Landfare,* 56 Nebr., 482; *City of Omaha v. Richards,* 49 Nebr., 244; *Jonasen v. Kennedy,* 39 Nebr., 313; *Richards v. Borowsky,* 39 Nebr., 774.

There is the further objection that the verdict is contrary to instructions 3 and 4. So far as that objection relates to instruction No. 3, it is already disposed of. So far as it relates to No. 4, it is confined to the proposition that there is no evidence of collusion to procure the deposit to be made to the personal credit of Tinney. As we have already seen, the defendants requested the submission of that issue to the jury, and they can not now be heard to say that the adverse finding thereon is not sustained by sufficient evidence.

It is urged on behalf of the Farmers' Bank, that it simply performed its duty in the premises and followed the instructions of the plaintiffs, therefore it is not liable. If it were in collusion with its codefendant, it is certainly liable with its codefendant. The question of collusion was submitted to the jury by the court after the defendants themselves, as we have seen, had requested its submission. Therefore we are not permitted to disturb the finding of the jury on that question.

The defendants also complain of the refusal of the court to give an instruction, tendered by them, on the question of estoppel. In our opinion, the question is fully covered by paragraph six of the instructions given by the court on its own motion; hence the refusal to give that tendered by the defendants was not error.

After a careful examination of the record in this case, we would say that we not only fail to find reversible error, but feel satisfied that the affirmance of the judgment will work no injustice. We therefore recommend that the judgment of the district court be affirmed.

DUFFIE and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.