MISSOURI PACIFIC RAILWAY COMPANY V. JOHN M. HEMINGWAY.

FILED JANUARY 8, 1902. No. 10,024.

Commissioner's opinion, Department No. 3.

1. **Petition:** DEMURRER. Petition examined, and *held* good as against a general demurrer.

2. **Motion.** The remedy for argumentativeness in a pleading is by motion, and not by demurrer.

3. **Damages to Land:** RAILROAD EMBANKMENT: INJURY. An action by a landowner for damages resulting from the negligent construction of a road-bed or embankment by a railroad company does not accrue until such landowner sustains actual injury, and is not barred until four years from the date of such injury.

4. **Road-Bed:** RAVINE: NATURAL WATERCOURSE: DAMAGE. In the construction of a road-bed across a ravine, or other natural course of surface drainage, a railroad company is bound to provide, so far as is consistent with the safe and proper operation of its road, for the discharge of such water as naturally flows therein, and upon failure so to do, is liable for damages occasioned by such omission.

5. **Continuance:** ABUSE OF DISCRETION: REVIEW. A judgment will not be reversed for a denial of an application for a continuance, unless it affirmatively appear that there was an abuse of discretion in denying such request.

6. **Submission to Jury:** ESTOPPEL. Where a question is submitted to the jury after a request in that behalf by a party to the suit, such party will not be heard to say that an adverse finding thereon is not sustained by sufficient evidence.

ERROR from the district court for Lancaster county. Tried below before CORNISH, J.  *Affirmed.*

*Bailey P. Waggener, James W. Orr* and *Adolphus R. Talbot,* for plaintiff in error.

*Stevens, Love & Frampton, contra.*

ALBERT, C.

This action was brought for the recovery of damages resulting from the alleged wrongful construction by the defendant company of an embankment across a ravine, whereby the surface water was diverted from its natural course and discharged in large quantities upon the premises of the plaintiff, inflicting the damages complained of. A trial resulted in a verdict and judgment for the plaintiff. The defendant brings the case here on error.

The petition, omitting the formal parts, is as follows:

"(2.) That on and long prior to the 23d day of April, 1892, plaintiff was the owner in fee of the following described property, to-wit: lots 3, 4, block 26, in the town of Hickman, Lancaster county, Nebraska, and was in possession thereof, and had erected thereon a livery and feed stable, and other buildings, in which were contained a large number of horses and hay and grain, carriages, harness, etc., necessary for the carrying on of a livery and feed business.  (3.) That adjacent to said lot on the south and southeast side thereof is a ravine or draw of considerable depth, extending from the higher lands above said property and for a distance of —— miles, into which ravine or draw the water from a large tract of land collected, and is emptied into a stream known as 'Salt Creek,' a short distance from said property.  (4.) That on or about the —— day of ——, 1888, the defendant company erected an embankment across said ravine or draw and between plaintiff's said property and Salt Creek, to a height of about 6 feet, which embankment is the road-bed of said

defendant company, and is in constant use for the purpose of a business of said company, and that said company failed and neglected to place a bridge or culvert or other opening across said draw of sufficient size to permit the ordinary flow of water to pass unobstructed through said embankment, and that the said defendant company has ever since the said construction of said embankment wrongfully and unlawfully obstructed said draw in such a manner as to cause the water to overflow upon the premises of plaintiff above described. (5.) That on or about the 23d day of April, 1892, by reason of said wrongful and unlawful obstruction the water from said ravine was caused to overflow upon the property of this plaintiff, and by reason of said overflow his barns and stables were filled with water to a depth of three feet, and thereby causing great damage to the property of this plaintiff, and to his horses, which were compelled to remain in the water for several hours, and to one valuable stallion, which was rendered thereby wholly worthless, to plaintiff's damage in the sum of $1,000, and that by reason of said overflow plaintiffs property, consisting of stables, carriages, etc., was damaged in the sum of $200. (6.) That afterwards, to-wit, on or about the 3d day of May, 1893, the water, by reason of said obstruction as aforesaid, again overflowed plaintiff's property, causing great damage to plaintiff's horses and to one jack, which remained in the water for several hours, thereby causing him to become worthless, to plaintiff's damage in the sum of $1,000, and damages to plaintiff's premises and other property in the sum of $200, by reason of which matters and things as above set out, plaintiff has been damaged in the sum of $2,400."

The defendant interposed a general demurrer, which was overruled, which ruling is now assigned as error. The petition is assailed on two grounds: First, because it shows on its face that the cause of action is barred by the statute of limitations; and, second, because it does not allege that the embankment crosses a watercourse or channel, nor that it was wrongfully constructed. As to the first, we

think it is disposed of in *Omaha & R. V. R. Co. v. Standen,* 22 Nebr., 343, wherein it is held, in effect, that where a railway bridge is so negligently constructed as to form an unlawful obstruction, and becomes a nuisance by causing an overflow of water, no right of action accrues to a landowner until he sustains an actual injury caused by such obstruction, as by the overflow of his lands. The case of *Omaha & R. V. R. Co. v. Moschel,* 38 Nebr., 281, cited by defendant, is not in point. There the damages sought to be recovered were such as resulted from the proper construction and operation of the road, and would have been a proper subject of inquiry in condemnation proceedings. But the damages in this case are such as resulted from the improper construction and operation of the road, and could not have been taken into account in the proceedings for the condemnation of the property. To hold that such damages should be taken into account in such proceedings would render the construction of railroads a most hazardous enterprise. As to the second ground, it appears from the petition that the embankment was built across a ravine, which was a part of the natural system of drainage of surface water; that no bridge, culvert or opening of sufficient size was placed therein to permit the surface water collecting in such ravine to pass through unobstructed; that, in consequence of such omission, plaintiff's premises were flooded, and the damages complained of sustained. We think this is sufficient, under the circumstances, to show that the embankment was improperly constructed. While the pleading is to some extent argumentative, yet the facts thus pleaded, when confessed by demurrer, may not be ignored. The remedy for argumentative pleading is by motion and not by demurrer. In our opinion, the petition is good as against a general démurrer.

It is next urged that the court erred in refusing to give at defendant's request the following instructions:

"1. The jury are instructed that in Nebraska the common-law rule prevails, touching the damages occasioned by surface water such as are sought to be recovered in this

action and you are instructed that the common law which prevails in Nebraska that surface water is a common enemy and that the owner may defend his premises by dyke or embankment and if damages result to adjoining property by reason of said defense he is not liable therefor. Under this rule such water may be controlled by the owner of the land on which it falls or over which it flows. He may appropriate to his own use all that flows or comes on his land and refuse to receive any that flows on or comes on his neighbors land and you are further instructed that under this rule the defendant railroad company stands in the same position that any individual would stand in like circumstances so that the rule just announced applies to the railroad company in this case.

"2. The jury are instructed that it is important in this case to determine what is a stream or watercourse; and you are instructed that to constitute a watercourse the size of the stream is not material. It must however be a stream in fact as distinguished from mere surface drainage occasioned by freshets or other extraordinary causes, but the flow of water need not be continuous. There must be a stream usually flowing in a particular direction, though it need not flow continually. It may sometimes be dry, but it must flow in a definite channel, have a bed, sides or banks and usually discharge itself in some other stream or body of water. It must be something more than a mere surface drainage over the entire surface of a tract of land caused or occasioned by freshets or other extraordinary causes. It does not include waters flowing in hollow ravines in land, which is mere surface water from rains or melting snow, or is discharged there through from a higher to a lower level, which at other times are destitute of water."

These instructions were properly refused. They do not state the law applicable to the facts in this case. See *Lincoln & B. H. R. Co. v. Sutherland,* 44 Nebr., 526; *Town v. Missouri P. R. Co.,* 50 Nebr., 768; *Chicago, R. I. & P. R. Co. v. Shaw,* 63 Nebr., 380. In the last case Com-

missioner Duffie reviews the authorities at length, and deduces the rule that "a railway company should, in constructing its road-bed across such draw, provide for the discharge of such water as naturally flows therein; and if its road-bed is so constructed as to dam the water and flow it back over the premises of an adjoining proprietor, or to discharge the accumulated water in unusual quantities upon the lands of those adjoining, it will be liable for the damages occasioned thereby." If that be the correct rule of law,—and we do not doubt it,—to have given the instruction asked would have been error.

Complaint is made of the admission of certain evidence, which complaint is formed in these words:

"This line of testimony was erroneously admitted by the court, because under the pleadings the railroad company was charged with stopping the flow of water that came in a southeasterly direction from the barn. We contend first that under the pleadings no testimony could be admitted showing that the water came from the northeasterly direction when we were charged from stopping the water that came from the southeasterly direction; and second, we contend, that it was error to admit this testimony showing that the water came from a north and northeasterly direction through ditches along by the public highway to the point on the railway company's embankment just opposite the barn in question, which accumulation of water at this point was made because of the ditches in the public highway. We contend that the diversion of the surface water by means of the ditches along the public highway, and throwing off of the same upon the right of way of the railway company was a condition over which the railway company had no control and could not have at the time of the construction of the embankment years prior."

In the first place, the petition was amended to change the allegation as to the direction from which the water came. Besides, in cases like this, where it is necessary to describe the lay of the land, in order that the jury may

understand the topography of the country and the effect of the embankment on the surface drainage, there is bound to be more or less evidence that does not bear directly on the issues. The jury were instructed that the defendant would not be liable if the change in the flow of water was caused by the ditches along the public road. Under such circumstances, there was no error in receiving such evidence.

Complaint is made of the admission of certain expert testimony as to the value of some of the property alleged to have been injured by the water; but no complaint is made on that ground in the petition in error, unless it be under the general assignment of errors of law occurring during the trial; but such assignment, under the repeated holdings of this court, is too general to receive attention.

It is urged, further, that the court erred in permitting the amendment of the petition, as to the direction of the flow of water, and in denying the defendant's request for a continuance to enable it to meet the proof in support of such amendment. Such matters are largely within the discretion of the trial court. Our attention has not been directed to any showing, made by the defendant, that a continuance was necessary to enable it to meet such evidence, nor have we been able to find any record of such showing. Hence, we can not say there was an abuse of discretion by the trial court in this behalf.

The defendant insists that the damages sought to be recovered are too remote. The damages claimed are for injuries to certain animals, resulting from their standing in water of considerable depth which flooded the stable. It is claimed that they were rendered thereby less valuable for breeding purposes, which appears to have been the purpose for which they were kept. We can not see that any such damages are any more remote than injuries that would have rendered them less valuable for any other purpose. Had the damage been to lumber, or to any other kind of personal property, the ultimate question would have been precisely the same as that presented in this

case; nor would injuries whereby such property had been rendered less valuable for the purposes for which it was intended be regarded as too remote or as speculative.

It is urged further that the verdict is not sustained by sufficient evidence. Our attention is specifically directed to the evidence on the point whether the embankment was constructed properly and with due care. That question was submitted to the jury, after an instruction on the same point had been tendered by the defendant. It is a well-settled rule of this court that a party who asks the submission of a question to a jury will not be heard to say that an adverse finding thereon is not sustained by sufficient evidence. Besides, in our opinion, it can not be fairly said that the verdict is not sustained by sufficient evidence.

We recommend that the judgment of the district court be affirmed.

DUFFIE and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.