## CASS COUNTY v. SARPY COUNTY.*

FILED JUNE 9, 1904. No. 12,183.

Counties: BRIDGE REPAIRS: ACTION: DEFENSE. When a county has refused, upon request, to participate with an adjoining county in repairing a bridge over a stream forming part of the boundary line between them, and the latter county has performed the work at its separate expense, it is not a defense to an action for contribution under the statute, that the plaintiff county, in procuring the repairs to be made, proceeded in an irregular or illegal manner with respect to obligating itself to pay for them, provided it did in fact become so obligated.

ERROR to the district court for Sarpy county: BENJAMIN S. BAKER, JUDGE. *Rehearing denied.*

*Jesse L. Root,* for plaintiff in error.

*William R. Patrick* and *Wright & Stout, contra.*

AMES, C.

This is an application for a third rehearing in this case, and is founded upon two assumptions: First, that the

* See former opinions, 63 Neb. 813; 66 Neb. 473, 476.

last opinion herein misinterprets the opinion of this court in *Clark v. County of Lancaster*, 69 Neb. 717. Such, however, is not the understanding of the author of the latter document, who actively participated in the last disposition of this case and who gave it his very careful consideration. Counsel for Sarpy county overlook the fact that although it was held in the *Clark* case that the contract with Sheeley was void because of the absence of prescribed statutory conditions authorizing its execution on the part of the county, yet it was not only held that equity would not enjoin the further prosecution of the work under the uncompleted agreement or the prosecution by the contractor of his claim for compensation for the work and materials actually done and furnished in the premises, but this court went a step further and not only stated an account between the parties respecting the transaction, but as a result thereof rendered an affirmative judgment for nearly $11,000 in favor of the contractor and against the county. It can be of no practical significance whether the claim thus upheld is denominated legal or equitable. In any view, it was held that the county was under an obligation for its payment which the court would and did enforce by its judgment, and the unavoidable inference is that if the suit in equity had not been begun and the contractor's suit at law had not been restrained but had been prosecuted to judgment for that amount, that judgment would not have been disturbed by the court because of the "illegality" of the claim upon which it would have been founded.

It is thus evident that the major premise of the opinion of November 5 last in this case is a legitimate interpretation of the opinion in the *Clark* case, and that Cass county was obligated to the contractor to pay the reasonable value of the repairs to the bridge in question. Whether such obligation was legal or equitable, we cannot think is a material question.

Secondly, it is argued that Cass county was authorized to make the repairs, if at all, merely as the agent of

Sarpy county, and that its agency was special and its authority limited by the statute, and that having exceeded its authority by making the repairs in the absence of funds of its own applicable to that purpose, it failed to bind its principal by so doing. We had supposed that our former opinions, especially the last of them, had made it sufficiently plain that in our opinion the relation of principal and agent is not analogous to a case of this kind. The powers of Cass county, in the premises, are derived directly from the statute. It was authorized to perform ι specified public work, in conjunction with Sarpy county, if the latter would consent to participate therein, but without such participation, if consent should be refused. Counsel was requested and refused, and this fact, as we endeavored to explain in our last opinion, set Cass county free to act in all respects as though the bridge had lain wholly within her own territory. Whether her fiscal affairs were such as to justify the expense, or whether her county board were exceeding their authority to obligate her own taxpayers were matters which her own citizens had alone the right to inquire into. The fact that Sarpy county could not be bound for contribution unless she had been requested to participate in the creation of the work, did not confer upon her authorities the right to supervise the internal affairs of Cass county, or to complain that the officials of the latter county were conducting their business in an irregular or illegal manner.

It is therefore recommended that the motion for a rehearing be overruled.

OLDHAM, C., concurs.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the motion for a rehearing be overruled.

                              REHEARING DENIED.