CASS COUNTY, APPELLANT, V. SARPY COUNTY, APPELLEE.

FILED JANUARY 24, 1912. No. 16,842.

1. Appeal: SUFFICIENCY OF EVIDENCE: ESTOPPEL BY ACTS. Where at the close of a trial in the district court, plaintiff, without any motion for a directed verdict, or objection of any kind that the evidence is insufficient to sustain a verdict in favor of defendant, requests instructions upon a material issue of fact in controversy, which are given by the court, he will not thereafter be heard to say that an adverse finding thereon is not sustained by sufficient evidence.

2. ———: ———: ———: SEVERAL ISSUES. But where no special findings are submitted to the jury, and there are two or more material questions involved, upon either of which the verdict might have been based, the fact that the defeated party is, by having requested instructions, estopped to question the sufficiency of the evidence upon one point does not estop him from questioning the sufficiency of the evidence to sustain the verdict on other points, upon which no instructions were requested by him.

3. ———: VERDICT: AMBIGUITY. The record examined, and *held* to leave the matter in doubt upon which of the material issues in controversy the verdict is based.

4. Bridges: REPAIRS: NEW STRUCTURE. Evidence examined and referred to in the opinion *held* insufficient to sustain the verdict of the jury upon point 7.

APPEAL from the district court for Sarpy county: ALEXANDER C. TROUP, JUDGE. *Reversed.*

*Calvin H. Taylor,* for appellant.

*W. N. Jamieson* and *John F. Stout, contra.*

FAWCETT, J.

This case is before us for the fifth time. The history of the case and of the matters in controversy will be found in our former opinions reported in 63 Neb. 813, 66 Neb. 473 and 476, and 72 Neb. 93. The last trial was held at the February, 1910, term of the district court for Sarpy county. There was a trial to the court and a jury and a

verdict for defendant. Judgment on the verdict. Plaintiff appeals.

The only contention made here is 'that the verdict is not sustained by the evidence. In his brief counsel for plaintiff states that it is only necessary to discuss the following questions: "(1) Whether or not at time of making the repairs by plaintiff, in 1900, on the bridge in question, the same was a public wagon bridge and formed and was used as a part of the public highway. (4) The reasonable value of the repairs so made necessary to put said bridge in safe condition for public travel. (7) The issue was also raised by the pleadings as to whether or not said bridge was actually repaired, or whether it was not a new construction so as to render defendant not liable."

Under the rule announced by this court in *American Fire Ins. Co. v. Landfare,* 56 Neb. 482, *Farmers Bank v. Garrow,* 63 Neb. 64, and *Missouri P. R. Co. v. Hemingway,* 63 Neb. 610, plaintiff is not in a position to urge the insufficiency of the evidence to sustain the verdict on point 1. At the conclusion of the trial plaintiff, without any motion for a directed verdict or objection of any kind that the evidence was insufficient to warrant a verdict in favor of defendant, requested, and the court gave, instructions 3 and 4, covering the question involved in point 1. The verdict having been adverse to plaintiff, it cannot now be heard to assert that there was not sufficient evidence upon that point.

Point 4 need not be considered, for the reason that, the verdict having been for defendant, the question of the reasonable value of the repairs is immaterial for the purpose of this review.

The rule above announced, and held to be applicable to point 1, has no application to point 7, for the reason that no instructions upon that point were requested by plaintiff. As no special findings were submitted to and returned by the jury, it is impossible to say upon which of these two points the verdict of the jury was based. If upon point 7, we think the contention of plaintiff, that

the verdict, was not sustained by the evidence, is sound. The evidence in this record, that the bridge was not a new bridge but was simply an old bridge repaired, is much stronger than in *Brown County v. Keya Paha County,* 88 Neb. 117, where the same contention was made as here, but where we held that plaintiff's claim was for repairs; and upon the record before us we must hold the same here. According to the testimony, there never was a day when this bridge was not used. It even shows that at the very time they were making the repairs teams were crossing. One witness testified that, "during the time we were repairing it, we let no teams go across there only at 12 o'clock, at noon, and after 6 o'clock, just one day the teams that were waiting there amounted to about 80 teams." The evidence shows that the length of the bridge was about 2,800 feet; that there were in round numbers 508 piling, 889 stringers and 127 caps used in its original construction. In making the repairs, only 11 new piling, 551 stringers and 49 caps were used. That the floor was all new, that no one section of the bridge was left standing complete and without repairs, and that the piling left. in the bridge was old piling which had been there for a number of years does not change the character of the work done. It would be useless to quote the testimony at large upon this point. Viewed from any standpoint, it is entirely insufficient to sustain the contention that this was a new structure, and upon point 7 the verdict is without sufficient evidence to sustain it. Being unable, as above indicated, to determine upon what theory the jury returned their verdict, it should not, in the face of the apparent merit of plaintiff's claim, be permitted to stand. That this bridge was a part of a highway, which the public generally, in both the plaintiff and defendant counties, used and had used for nearly ten years is beyond question. That there may be some slight question as to whether the lands in the approaches to the bridge had been dedicated to public use by the owners, or legally condemned and opened as a public road, should not weigh

against the more important fact that the bridge has been used as a part of the public highway for so many years.

The question as to the right of plaintiff to a change of venue is not properly presented by this record. If it were, we might be constrained to hold that plaintiff is entitled to have the venue changed, and the case submitted to a jury free from any local interest or prejudice. The verdict of the jury indicates the propriety of such a course.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.

BARNES, J., dissenting.

I am unable to concur in the opinion of the majority. It appears that the only contention on this appeal is that the verdict is not sustained by the evidence. The main question involved in the trial of this case was whether at the time the alleged repairs were made the bridge in question was a public wagon bridge which was in use as a part of a public highway. This was the primary fact necessary to be established in order to sustain a recovery. The record discloses that the bridge had not been in use for the full period of ten years at the time of the repair or reconstruction for which recovery is sought. It follows that no rights were obtained under the statute of limitations. It appears that at both ends of the bridge the title to the property abutting upon the river banks was in private parties. The evidence is not entirely clear that the lands which constituted the approaches to the bridge had been dedicated to public use by the owners, or legally condemned and opened as a public road. At the conclusion of the trial plaintiff, without any motion for a directed verdict, and without objection of any kind that the evidence was insufficient to warrant a verdict in favor of the defendant, requested the court, by proper instructions, which were given, to submit the main question, above stated, to the jury. This having been done, and the jury having returned a verdict for defendant, counsel for the appellee insists that plaintiff, by causing the sub-

mission of the main question to the jury, under the well-established rule in this state, cannot now claim that an adverse finding upon this question is not sustained by sufficient evidence. The question submitted at the request of the plaintiff was the material one, under the pleading, and if decided adversely to the plaintiff it could not recover. In *American Fire Ins. Co. v. Landfare*, 56 Neb. 482, it was held: "One who tenders an instruction which is given, which assumes the existence of evidence to establish an issuable fact in the case, cannot afterwards be heard to assert that there was no evidence received tending to prove such fact." This rule was followed in *Farmers Bank v. Garrow*, 63 Neb. 64, and *Missouri P. R. Co. v. Hemingway*, 63 Neb. 610, and is so well settled that it ought not to be disregarded at this time.

The main issue in this case having been submitted to the jury upon instructions prepared and tendered by the plaintiff, and the jury having found against it upon the evidence, such finding should conclude the plaintiff, and terminate this litigation. As stated in the majority opinion, this is the fifth time that this case has been before us. There should, at some time, be an end to litigation. Therefore, I am of opinion that the judgment of the district court should be affirmed.

ROSE, J., joins in this dissent.