SIDNEY G. JOHNSON, APPELLANT, V. CHARLES C. LANE, APPELLEE.

FILED JULY 1, 1916. No. 18936.

1. **Appeal: CONFLICTING EVIDENCE.** "Where the evidence is conflicting and the judgment is supported by competent evidence, it will not be disturbed, even though a different conclusion might have been reached." *Burwell Irrigation Co. v. Lashmett*, 59 Neb. 605.

2. ———: **HARMLESS ERROR.** "To warrant the reversal of a judgment, it must affirmatively appear from the record that the ruling with respect to which error is alleged was prejudicial to the rights of the party complaining." *Dobry v. Western Mfg. Co.*, 58 Neb. 667.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Affirmed.*

*Sutton, McKensie & Cox,* for appellant.

*John J. Sullivan* and *W. R. Mitchell, contra.*

FAWCETT, J.

From a judgment of the district court for Douglas county, for damages claimed by plaintiff to have been suffered by reason of fraudulent misrepresentations of the defendant with respect to certain real estate in the states of Kansas and Oklahoma, for which plaintiff exchanged a stock of implements owned by him in Clifton, Kansas, plaintiff appeals.

Defendant was a real estate broker, and as such was representing the owners of the Kansas and Oklahoma lands. He negotiated the exchange for his principals with plaintiff. The transaction was completed and the properties duly exchanged. Plaintiff now complains that the lands were not of the quality, quantity and value represented by defendant, and prays for damages by reason thereof in the sum of $11,000. The answer is a general denial. More than 20 witnesses were examined at the trial. Their testimony is set out in a bill of exceptions of over 300 pages. On every material point in the case it is in sharp conflict. A careful examination of it shows that it is ample to have sustained a verdict either way. In arriving at a verdict either way, the jury would be compelled to entirely discredit many of the witnesses on one side or the other. This was clearly the province of the jury who saw 13 of the 22 witnesses upon the witness-stand and heard them testify. We must accept their judgment on this point.

Complaint is made of some of the instructions given by the court. The action is grounded on alleged fraudulent misrepresentations of the defendant. The jury found for the defendant. By that verdict they have said that the defendant is not guilty of having made the fraudulent misrepresentations charged. In reaching this conclusion they have accepted the testimony of the witnesses offered by defendant as true. This fact being established, then, when the instructions are applied to that evidence, they contain no prejudical error.

Complaint is especially made of instruction No. 7, given by the court. By this instruction the court told the jury that one Jesse T. Parker was the agent of plaintiff and acted as such in assisting to consummate the transaction between plaintiff and the owners of the property represented by defendant, and that it was the duty of an agent to communicate to his principal every fact affecting a transaction, entrusted to his care, which comes to his knowledge in the course of and during its performance. "and, unless it is shown that the agent, with the knowledge of the adverse party, has acted fraudulently under such circumstances as to apprise the latter that facts communicated to the agent have not been, and probably will not be, communicated by him to his principal, or the adverse party is in some way implicated with the default of the agent, this duty, in an action between the principal and the adverse party, the agent is conclusively presumed to have obeyed." It is contended that this instruction was prejudicial, for the reason that no restriction of any nature was named therein. We do not deem it necessary to enter upon a discussion of the instruction. We are relieved of that burden by what is stated by plaintiff in his brief. It is there said: "There is nothing in the record to indicate that Mr. Parker was employed by the defendant to inspect and place a value upon the property which plaintiff was to receive. In fact, the principal himself was taken to view the property and made the inspection for himself." In the light of this admission, we are not surprised that the jury found for the defendant on the question of fraudulent misrepresentations by defendant as to the character, value and quantity of the lands which plaintiff was to receive in the transaction. Having made the inspection himself, and there being no claim that he was not shown the land involved in the proposed exchange, the instruction given was without prejudice.

Complaint is made of the refusal of the court to give three instructions requested by plaintiff. All three of these instructions related to the question of the measure of

damages in the event that the jury found for plaintiff. The jury having found for defendant, error, if any, in the refusal to give these instructions would be without prejudice.

We have gone over appellant's brief three times, and have made a careful examination of the record for the purpose of satisfying ourselves that no fraud was committed by defendant. In the light of that examination, we concede that another jury *might* reach a different conclusion from that reached by the jury which heard the case, but that is not sufficient to justify us in ordering a new trial. In order to do that, we must be able to say that the verdict was clearly wrong. This we cannot say.

AFFIRMED.

SEDGWICK, J., not sitting.