CASES DETERMINED

IN THE

# SUPREME COURT OF NEBRASKA

## JANUARY TERM, 1922.

MINNIE A. WATERS, APPELLEE, V. NEBRASKA MUTUAL
INSURANCE COMPANY, APPELLANT.

FILED MARCH 1, 1922. No. 21852.

1. Trial: REQUESTS FOR DIRECTION OF VERDICT: FINDINGS OF FACT. Where each party to a trial by jury requests the court to direct a verdict in his favor, he waives the right to a finding or trial of the issues by the jury, and consents that the court shall find the facts and apply the law thereto.

2. Insurance: LOCATION OF PERSONALTY: WARRANTY. Except as to personal property that has a distinct and definite abiding place, a description in an insurance policy as to the location of the property, although it may be a warranty *in presenti*, is not, in the absence of an express stipulation, a promissory warranty that the property will remain in the location described.

3. Appeal: REQUESTED INSTRUCTION. Where an instruction is given upon an issue submitted to the jury at the request of a party to a suit, he will not be heard to say that there was no evidence upon which to base the instruction.

4. Insurance: ACTS OF AGENT. Insurer's agent, empowered to receive and transmit applications and to receive payments of the premium, binds the company by knowledge acquired in and about the preparation of the application and by representations made to the insured while so doing.

5. ———: FRAUD: EVIDENCE. Evidence of alleged fraud and misrepresentation examined and *held* not to require such inference.

APPEAL from the district court for Rock county: ROBERT R. DICKSON, JUDGE. *Affirmed.*

*George E. Hager* and *James A. Brown*, for appellant.

*T. F. Nolan, H. D. Curtiss* and *M. F. Harrington*, contra.

(1)

Heard before DEAN, LETTON and DAY, JJ., CLEMENTS (E. P.) and DILWORTH, District Judges.

CLEMENTS, District Judge.

Plaintiff sues the defendant upon six causes of action, each based upon a separate policy of insurance, and alleges that the live stock described in all of said policies was totally destroyed by fire February 10, 1920, upon the Randolph Ranch, in sections 33 and 34, township 28, range 20, Rock county, Nebraska. Plaintiff also alleges that the location of the property insured was erroneously entered in each of said policies of insurance, but that the defendant, at the time that each of said policies was written, knew where the property insured was actually located and that the misdescription of location in the policies was solely the error of the defendant.

The defendant admits the execution of the policies sued upon, but defends against liability for loss under them for the following reasons: First, the defendant contends that the policies sued upon in plaintiff's third, fourth, fifth and sixth causes of action, which will hereafter be referred to as exhibits A, B, C, and D, were void and unenforceable at the time of the fire, because the property therein described had been removed from the place where it had been insured, without the knowledge and consent of the defendant, to the Randolph Ranch; second, the defendant contends that exhibit B was also void for another reason, viz., because said policy had been changed and mutilated by the plaintiff by the insertion therein of the words, "jennies and jacks;" third, the defendant contends that the policies sued upon in plaintiff's first and second causes of action, which will be hereafter referred to as exhibits E and F, never went into effect, because they were obtained by false and fraudulent representations of plaintiff as to the location of the property when it was insured.

The claims of the parties are set out in the pleadings

by suitable averments of admission, allegation, and denial, but these pleadings are too long and involved to be quoted here. Upon these issues there was a trial to a jury. At the close of all the evidence both parties moved for a directed verdict. No formal ruling was made on the motions, but in effect the court overruled the defendant's motion and sustained the plaintiff's motion by instructing the jury that the defendant was liable for the plaintiff's loss upon the policies sued on in plaintiff's first, second, third, fifth and sixth causes of action, exhibits A, C, D, E, and F. The question of defendant's liability upon plaintiff's fourth cause of action, exhibit B, and the amount of plaintiff's loss upon all of the policies was submitted to the jury. The jury returned a verdict finding generally for the plaintiff in the sum of $8,318.74. The jury also made, at the request of the defendant, some special findings as to the fourth cause of action, these special findings will be referred to later. Motion for a new trial was overruled, exceptions taken, and defendant comes here on appeal.

While the defendant alleges many errors, it really predicates its right to a reversal upon three grounds, which we will consider in the following order: First, the court erred in instructing the jury that the defendant was liable upon exhibits A, B, C, and D, because each and all of said policies were void as a result of the removal of the insured property, without the consent of the defendant, to a new and more hazardous location. In the consideration of this case it must be first noted that, as to the questions of fact taken from the jury, it comes to us on the same basis as if tried to the court without the intervention of a jury. *Dorsey v. Wellman*, 85 Neb. 262.

A careful examination of the evidence convinces us that the trial court was justified in concluding that the facts as to exhibits A, B, C, and D were as follows: For about six years prior to the issuance of these policies

the plaintiff had been writing insurance upon live stock in Rock county with the defendant company. During this time many insurance policies had been written for her by the defendant and she had suffered some losses under the policies. During all of this time the business of soliciting this insurance, preparing the applications, collecting the first premiums, adjusting and paying for losses, was done by the defendant's agent, Charlie Lanning, who resided at Long Pine, in Brown county. Mr. Lanning's practice and custom in securing this insurance was, upon receiving a request from Mrs. Waters for insurance, to go to the place where the stock was situated, look it over, agree upon the amount of insurance, and then return to his office in Long Pine and prepare an application and forward same to the company in Lincoln. Sometimes the application was signed by Mrs. Waters, but usually it was signed by Mr. Lanning or by some one in the office at Lincoln. The preparation of the application, including the description of the location of the property, seems to have been left entirely to Mr. Lanning or to the company. Up until about three years before the issuance of these policies Mrs. Waters resided upon a ranch owned by her in Rock county. At that time this ranch was sold, and ever since Mrs. Waters has resided in rented property in the village of Bassett, Nebraska. Since the sale of the ranch, live stock insured by the defendant for Mrs. Waters has been located upon various rented places in said county. Mr. Lanning and the company in preparing applications do not seem to have exercised very much care in describing the location of the live stock, and numerous errors in this respect have occurred, which were perpetuated by the practice of making up new applications from old ones in the office without reference to the then location of the property. Before exhibits A, B, C, and D were written Mr. Lanning examined the live stock; he found it located in various pastures in Rock county; he was told that the intention was to

keep the stock in these pastures until about October 1,
and to then remove the same to some place for winter-
ing. He agreed that this might be done, and told the
plaintiff that he would help her find a suitable place
to winter the stock. This he afterwards did by assisting
her to rent the Randolph Ranch, where the stock was
taken about October 15. Mr. Lanning knew of the
removal of the stock and saw it at the Randolph Ranch
before it was destroyed. In making up the applications
for these policies no attempt seems to have been made
to correctly describe the location of the property. It is
apparent that the descriptions in old policies were fol-
lowed, as in no instance is the location correctly given.
Defendant concedes that the insurance attached at the
actual location of the property when the insurance was
written, but contends that the removal of the stock to
the Randolph Ranch invalidated the policies. The de-
fendant's contention that the fire hazard to the property
was increased by its removal cannot be entertained.
There is no evidence as to the difference in the hazard of
the place where the insurance attached to this property
and the place to which it was removed. The only evi-
dence in the record as to a difference in fire hazard
is as to the home place of Mrs. Waters, meaning the
place sold three years before this insurance was written,
and the Randolph Ranch, and as to this we are given no
facts upon which to make a comparison of hazards. The
bald statement of Mr. Mills that the hazard at the
Randolph Ranch was greater is only a conclusion, and
his testimony that the Randolph Ranch was vacant and
abandoned is not sustained by the evidence, at least as
to its condition after this property was taken there.

The general rule as to the change of location of insured
property is stated in 19 Cyc. 740, as follows: "A descrip-
tion as to the location of property, although it may be a
warranty *in presenti,* is not, in the absence of an ex-
press stipulation, a promissory warranty that the prop-
erty will remain in the location described." It has been

held, and is no doubt settled law, that the provisions found in the New York standard policy, "while located as described herein and not elsewhere," constitute an express stipulation and promissory warranty that the property will remain in the location described. 19 Cyc. 741. It is plainly to be seen that in this clause there is coupled with the situs of the property a distinct provision that the insurance shall continue only while the property is so situated. The defendant has cited a number of cases holding that a change in location of the insured property without the consent of the insurer invalidates the insurance. It will be noted, however, that in every case cited the policy sued upon contains the clause of the New York standard policy, "while located as described herein," and so forth. Turning now to the policies in question, we find that they do not contain the New York standard policy clause, but provide for insurance "to the following described property located and contained as described herein and not elsewhere." It will also be seen that the policies contain no provision that the insurance shall be forfeited by the removal of the property. It is evident there must be some reason for this. The explanation that occurs to us is that the company realized that it would be difficult to secure insurance upon live stock if the policy plainly restricted the insurance to the time while the stock should be actually located on the premises where they were when the application was taken. If it is claimed that the policies are ambiguous, it must be remembered that an insurance policy will be strictly construed against the insurer, who prepared it, and liberally in favor of the insured. . 19 Cyc. 656, *Kinney v. Farmers Mutual Fire & Ins. Society*, 159 Ia. 490, and *Noyes v. Northwestern Nat. Ins. Co.*, 64 Wis. 415, cases very much in point, hold: "Except as to personal property, which has a certain distinct and definite abiding place, a statement in the policy as to its location is not a warranty that it will be continued in its then location during the life of the policy." We

think, taking into consideration the circumstances under which this insurance was written and the form of the policy, the removal of the live stock to the Randolph Ranch did not forfeit the insurance.

Second, the defendant contends that the court erred in instructing, in substance, that if the jury find that the words, "jennies and jacks," were inserted in the policy sued upon in the plaintiff's fourth cause of action by some third person, without the knowledge or consent of the plaintiff, she could recover on the policy for the property originally described, but could not recover for the jennies and jacks. The defendant says there was no evidence upon which to base this instruction. The defendant requested the jury to make a special finding on this matter, and the jury found that the words were inserted in the policy by some third person without the knowledge or consent of the plaintiff. Having requested that this issue be submitted to the jury, the defendant will not now be heard to say that there was no evidence upon which to base an instruction framed to meet the contingency created by this request. *Farmers Bank v. Garrow*, 63 Neb. 64; *Missouri P. R. Co. v. Hemmingway*, 63 Neb. 610.

Third, the defendant bases its claim, that the policies sued upon in its first and second causes of action, exhibits E and F, were obtained by false and fraudulent representations, upon a telephone talk had with the plaintiff's husband and agent from Long Pine just prior to the time the policies were written. The material part of this conversation was an alleged statement of Mr. Waters in answer to a question of Mr. Mills, the defendant's secretary, as to where the live stock upon which this insurance was to be written was located, "Be just like the other policies, at the home place." The defendant says that Mr. Mills understood this as a representation that the property was situated upon the home place of Mrs. Waters, meaning the ranch which had been sold some three years before this, that the representation

was material, was false, and therefore avoided the insurance. We think this statement must be considered with reference to the circumstances surrounding its making. It should be remembered that after the sale of the home place Mrs. Waters wrote a number of policies of insurance with the defendant; that the defendant's agent, Mr. Lanning, who solicited this insurance, knew that this "home place" had been sold and that the property was situated elsewhere; that Mr. Lanning solicited the insurance written in exhibits E and F and knew the property was located upon the Randolph Ranch. At the time that Mr. Mills was closing up the deal for the insurance that had been commenced by Mr. Lanning, we think Mr. Waters was justified in assuming that the information as to the location of the property possessed by Mr. Lanning had been communicated to the company, and that when Mr. Waters made the statement, "Be just like the other policies, at the home place," he meant to imply that the stock to be included in the new policies was at the Randolph Ranch where the stock covered by the other policies was being wintered and where Mr. Waters was making his home to care for the stock. We do not find sufficient evidence to justify an inference of fraud or misrepresentation.

It follows, therefore, that the trial court was right in instructing that the defendant was liable upon exhibits E and F.

As it appears that none of the policies were forfeited, it will not be necessary to consider the question of waiver or estoppel.

The question of the amount of plaintiff's recovery was submitted to the jury by proper instructions. Defendant contends that the recovery is too large, but we think it is justified by the evidence.

The judgment is

AFFIRMED.