IN RE ESTATE OF JOHN HUSA.
P. I. HARRISON, EXECUTOR, ET AL., APPELLANTS, V. ANNA BODTKE ET AL., APPELLEES.

FILED APRIL 17, 1931. No. 27677.

*J. P. Baldwin, George W. Wertz, W. B. Sadilek, P. I. Harrison* and *L. F. Otradovsky*, for appellants.

*Hall, Cline & Williams, Walter C. Weiss* and *J. L. Richards, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

PER CURIAM.

This is an appeal from the judgment of the district court for Thayer county, denying probate to an instrument in writing purporting to be the last will and testament of John Husa, deceased, in which the proponent P. I. Harrison is named as executor.

Appellants contend that the evidence in the record is wholly insufficient to support the verdict of the jury, upon and pursuant to which the judgment appealed from was entered; also, that the trial court erred in admitting in evidence, over objection, certain writings, made during the trial, as a basis of comparison for the determination of

the genuineness of certain disputed documents theretofore received in evidence.

We do not agree with the views of counsel for appellants as to the weight of the evidence in the record, and are impressed with the thought that there is presented thereby a matter of conflicting evidence properly to be determined by the jury.

If we are wrong in this conclusion, it may be said that, after the evidence had been received at the trial, and all parties had rested, appellants in no manner challenged the sufficiency of defendants' evidence, by motion, demurrer thereto, or otherwise. But, eighteen requests for instructions were then and thereupon submitted in their behalf, none of which were proper, save and except in a case involving substantially conflicting evidence submitted to a jury for decision on the merits. One of these instructions, so submitted, was given; others, though formally refused, were in whole or in part incorporated in those given by the court as a part of "Instructions given by the Court." In view of the record before us, we deem the rule announced in the following cases applicable and controlling: *Waters v. Nebraska Mutual Ins. Co.,* 108 Neb. 1; *Farmers Bank of Nebraska City v. Garrow,* 63 Neb. 64; *Missouri P. R. Co. v. Hemingway,* 63 Neb. 610.

Nor, in the light of the actual issue being tried, to which the evidence in controversy relates, and the circumstances surrounding the procurement of the writings which were admitted over proponents' objections as a basis of comparison for determination of the genuineness of certain disputed documents, are we impressed with the view that proponents were prejudiced by the action to which they object. *Johnson v. Lane,* 100 Neb. 177; *Morfeld v. Weidner,* 99 Neb. 49; *Brophy v. Fairmont Creamery Co.,* 98 Neb. 307.

So, it would seem that the trial judge's rulings on the matters here discussed have the support of the express words of our Civil Code, which provides: "Evidence respecting handwriting may be given by comparisons made, by experts or by the jury, with writing of the same per-

son which is proved to be genuine." Comp. St. 1929, sec. 20-1220. See, also, *First Nat. Bank of Madison v. Carson*, 48 Neb. 763; *Singer Mfg. Co. v. McFarland*, 53 Ia. 540; *Ashwell v. Miller*, 54 Ind. App. 381; 4 Wigmore, Evidence (2d ed.) 250, 253, 280.

Indeed the history of the development of the judicial doctrine or concept, embodied in our Civil Code, just quoted, suggests or tends to support the conclusion that the following provision is likewise applicable, and possibly controlling in the instant case: "Facts which have heretofore caused the exclusion of testimony, may still be shown for the purpose of lessening its credibility." Comp. St. 1929, sec. 20-1211.

In conclusion, it may be said that we have examined the entire record and find it to be free from prejudicial error.

AFFIRMED.